## JAMES C. MAYBERRY

### v.

## CHARLES VAN HORN.

PRACTICE—*judgment for residue after allowing set-off sworn to.* Where the plaintiff proceeds under section 37 of the Practice Act of 1874, by filing his affidavit with his declaration, and the defendant files the general issue, with notice of set-off, with an affidavit of a defense to a given amount, if the plaintiff admits a deduction of such sum, it is proper to render judgment in his favor for the residue, without a trial.

APPEAL from the Circuit Court of Winnebago county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. HORACE W. TAYLOR, for the appellant.

Mr. WILLIAM LATHROP, for the appellee.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit upon two promissory notes, there having been filed with the declaration, under the 37th section of the Practice Act, R. S. 1874, p. 779, an affidavit showing the nature of the demand and the amount due the plaintiff from the defendant after allowing to the latter all his just credits, deductions and set-offs. The defendant filed a plea of the general issue, with notice of set-off to the amount of $125, accompanied with his affidavit that he had a good defense to the suit upon the merits to the amount of $65. The

19—83D ILL.

plaintiff thereupon filed a written admission that said sum of $65 might be deducted from his claim, and moved the court for judgment for the amount due on the notes after deducting said sum of $65, and judgment was rendered accordingly.

It is complained that the court erred in rendering such judgment.

The section referred to provides that, where such an affidavit is filed with the declaration, the plaintiff shall be entitled to judgment, as in case of default, unless the defendant, his agent, or attorney, shall file with his plea an affidavit stating that he verily believes he has a good defense to the suit upon the merits to the whole or a portion of the plaintiff's demand, and if a portion, specifying the amount, according to the best of his judgment and belief.

In *Allen* v. *Watt*, 69 Ill. 655, in reference to this same section contained in a former act, the court say, "that it was intended by the legislature that the affidavit filed with the plea should disclose, with reasonable certainty, the entire ground of defense relied upon.   *   *   *   The affidavit here interposed a set-off to the amount of $42. This was allowed. If the affidavit was true, this was all the defense there was to the suit, for although it is not expressly said that this is all the defense the defendants have, such is the necessary implication."

*Haggard* v. *Smith*, 71 Ill. 226, is an authority for rendering judgment for the residue of the plaintiff's demand after deducting the amount of the claim of defense set forth in defendant's affidavit.

The rendering of the judgment by the court below was in consonance with the above authorities, and the judgment is affirmed.

*Judgment affirmed.*