WILLIAM WEISS

*v.*

WILLIAM H. BINNIAN.

178    241
199    ³139

*Opinion filed February 17, 1899.*

1. PLEADING—*when judgment of nil capiat is properly entered.* Upon the sustaining of a demurrer to a replication interposed to a plea which constitutes a bar to plaintiff's action, judgment of *nil capiat* should be entered if the plea remains unanswered, notwithstanding there are one or more issues of fact.

2. SAME—*what need not be averred in plea setting up breach of covenant against suit on note.* Where an encumbrance exists upon one of several tracts of land which the vendor has covenanted to convey in fee simple, free from all encumbrance, the vendee, in defending a suit upon the last note of the series given for the purchase price, is not required to aver that the encumbered tract is worth the amount of the note in suit, with interest.

3. CONTRACTS—*obligation to pay purchase price notes and covenant against encumbrance are concurrent conditions.* The obligation to pay notes given for the purchase price of lands and the vendor's covenant to convey the premises in fee simple, free from encumbrance, are dependent, concurrent conditions, and the vendor cannot enforce payment for all the lands if one of the tracts is encumbered.

4. COVENANTS—*an easement is within covenant against encumbrance.* An ice-cutting privilege is an easement constituting an encumbrance, which the vendee is not obliged to assume under a covenant by the vendor to convey the premises in fee simple, free and clear from all encumbrance.

5. SAME—*vendee's notice of encumbrance does not release vendor's covenant.* That a vendee knew at the time of contracting to purchase land, which the vendor covenanted to convey free from encumbrance, that the ice-cutting privilege had been previously conveyed to other parties, does not release the vendor's covenant nor entitle him to recover the full purchase price and compel the vendee to accept a conveyance subject to such easement.

*Weiss* v. *Binnian,* 78 Ill. App. 292, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Tazewell county; the Hon. T. M. SHAW, Judge, presiding.

BEN HOFF, Jr., and W. R. CURRAN, for appellant.

178—16

ARTHUR KEITHLEY, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action of assumpsit, brought by William Weiss to the May term, 1897, of the Tazewell county circuit court, against William H. Binnian, upon a promissory note, as follows:

"$5000.                    PEORIA, ILL., *Jan. 16, 1893.*

"On or before July 10, 1896, after date I promise to pay to the order of William Weiss $5000 at the First National Bank, Peoria, Ill., value received, with interest at the rate of six per cent per annum from July 10, 1893.

WILLIAM H. BINNIAN,
WILLIAM E. STONE."

The declaration contained one special count, with the common counts, and alleged damages at $7000. To the declaration appellee filed a number of pleas, in which it was averred that the note in suit is the sole cause of action, and that it is the last to mature in a series of notes aggregating $18,200, made by William E. Stone as principal and the defendant, William H. Binnian as surety, for the purchase price of certain real estate that day bought by said Stone of plaintiff, and which plaintiff agreed to convey to Stone upon the fulfillment of certain conditions expressed in a written contract entered into between the plaintiff and Stone contemporaneously therewith and as part thereof. The fourth plea set out the contract in full and it was referred to in the other pleas. The material part of the condition of said contract necessary to be considered in this decision is in substance as follows: "Upon the payment of said sums being made at the time and in the manner aforesaid, the said William and Eva Weiss covenant and agree to and with the said William E. Stone, his heirs, executors, administrators and assigns, to execute a good and sufficient deed of conveyance in fee simple, free and clear from encumbrance, with full covenants of warranty for the above described premises."

Subsequently, by leave of court, the above pleas were all withdrawn and appellee filed substituted pleas 1, 2, 3, 4, 5, 6, 7 and 8.    To each of these pleas appellant filed replications.    Appellee then filed a general and special demurrer to appellant's replications to the third, fourth, fifth, sixth, seventh and eighth substituted pleas.   Appellant joined in demurrer.   On hearing, the court sustained appellee's demurrer to appellant's replications to the third, fourth, fifth, sixth, seventh and eighth substituted pleas and carried the demurrer back to appellee's fourth and seventh pleas.    Appellant was then granted leave to amend his replications to appellee's third, fifth, sixth and eighth substituted pleas.   Appellee abided by his seventh plea and was granted leave to amend his fourth plea and to file additional pleas.    Thereupon appellee filed an amendment to his fourth plea and filed additional pleas Nos. 9, 10 and 11.   The appellant then demurred to appellee's amended and substituted pleas 3, 4, 5, 6, 8, 9, 10 and 11.    There was joinder on demurrer, and a hearing.   The court overruled appellant's demurrer to the appellee's third, fifth, sixth and eighth and tenth amended and supplemental pleas, and sustained the demurrer as to the appellee's fourth amended and ninth and eleventh additional pleas.   Appellee abided by his ninth and eleventh additional pleas and was granted leave to make a second amendment to his amended fourth plea, which second amendment was made.   On motion, leave was granted the appellant to reply to the third, fourth amended, fifth, sixth, eighth and tenth additional pleas, which replications were filed.    Appellee filed a general demurrer to each of said replications.   On the hearing of this general demurrer the court overruled it as to appellant's replication to appellee's third, eighth and tenth pleas and sustained it as to appellant's replications to the fourth, fifth and sixth pleas, to which ruling of the court in sustaining said general demurrer to said replications appellant excepted and abided by his said replications to said

fourth, fifth and sixth pleas, and the court entered final judgment against appellant.

From the foregoing statement of the pleadings it is apparent that in order to dispose of the questions presented by the record it will only be necessary to consider the fourth amended plea and the fifth and sixth additional pleas, and the replications filed to these pleas. The facts disclosed by these pleas constituted a complete defense to the promissory note set up in the declaration. The payment of the note sued on in the case at bar and the conveyance of the land described in the contract by "a good and sufficient deed of conveyance in fee simple, free and clear from encumbrance," are *dependent, concurrent conditions,* and the plaintiff was required to be in a situation to perform his part of the contract, and to so aver in his replications, before he can force the defendant to carry out his part of the contract. (*Tyler* v. *Young,* 2 Scam. 444.) In *Mason* v. *Wait,* 4 Scam. 127, the case was debt on a promissory note. The declaration contained the usual money counts and an account stated. The pleas set up in different ways that the consideration of the note was the sale of certain lots and lands and the delivery of a bond for a deed, and that the payee in the note could not convey title. This court said: "A want of title in the vendor may be set up under our statute as a want or failure of consideration of the note sued on. We do not regard the title bond in this case, or the covenant for title, as the consideration. The true consideration is the estate,"—citing 1 Pick. 455; 14 id. 217; 22 id. 166; *Owings* v. *Thompson,* 3 Scam. 502.

A purchaser of property to be paid for in installments, where there is no time fixed for the delivery of the deed, is not entitled to receive his deed until the last payment is made; nor is a purchaser obliged to part with his money before he receives the deed. *Doyle* v. *Teas,* 4 Scam. 202; *Thompson* v. *Shoemaker,* 68 Ill. 256; *Duncan* v. *Charles,* 4 Scam. 561.

As has been seen, the appellee demurred to the replications to the fourth, fifth and sixth pleas, which the court sustained, and the plaintiff electing to stand by his replications, the court entered judgment in bar against the plaintiff for costs of suit, because the facts set up in the pleas were a complete defense to the cause of action set up in the declaration and remained unanswered. Appellant assigns error in entering judgment in bar against the plaintiff and in favor of the defendant on the pleas. In this there was no error. In *Ward* v. *Stout*, 32 Ill. 399, this court said (p. 410): "Where the defendant's plea constitutes a bar to the action, if the plaintiff demurs to it and the demurrer is determined in favor of the plea, judgment of *nil capiat* shall be entered notwithstanding there may be also one or more issues of fact, for the reason that upon the whole it appears the plaintiff had no cause of action. (*Lawe* v. *King*, 1 Sand. 80, note 1.) It is true a demurrer was not interposed to the second plea, but a defective replication was, which amounts to the same thing, and the demurrer to it tested the validity and sufficiency of the plea. The effect is the same as if an issue of fact had been made upon the plea and that issue has been found for defendant, which, if so found, necessarily put an end to the plaintiff's action. It is impossible, on this state of the pleadings, that the plaintiff could have judgment. Standing by his defective replication, the court was bound to give judgment in chief. One party cannot have a judgment upon the law and the other party upon the facts of the case."

It is, however, said that the facts set up in the replications constituted a complete answer to the pleas, and the court erred in sustaining a demurrer thereto. The premises described in the bond for deed or written contract, which the pleas aver the plaintiff, Weiss, could not convey free from encumbrance, are lots 3, 4 and 5, a part of lot 6, and fractional north-west quarter of section 27, township 25, range 5, Tazewell county, Illinois. The rep-

lications to the amended fourth plea and fifth and sixth substituted pleas aver that at and before the time of concluding and executing the said written contract, the defendant had notice and knowledge that the ice-cutting privilege on lot 3 was not intended to be conveyed by plaintiff to said William E. Stone by said contract. The replications confess the encumbrance but attempt to avoid its effect, alleging that the title was subject to said ice-cutting privilege, and that William E. Stone had knowledge of the conveyance of the said easement before the execution of the contract, and offered to convey subject to said encumbrance, on the payment of the note and interest. The appellant, in support of his position, cites several cases from the courts of other States. In *Wailes* v. *Cooper*, 24 Miss. 208, cited by appellant, it was held that parties, in the absence of anything to the contrary, are presumed to have contracted with reference to the then condition of the property, and if any easement to which it is subject be open and visible and of a continuous character, the purchaser is supposed to have been willing to take the property as it was subject to the burthen. In *Patterson* v. *Arthurs*, 9 Watts, 152, also referred to in appellant's brief, it was held that while a public highway is an easement, yet if the purchaser knew of its existence he took the covenant with notice that the easement was there, and it was not regarded as an encumbrance that came within the meaning of the parties when they used the term "encumbrance" in the contract.

While it may be the rule in some of the States that a grantor's covenant of warranty in a deed does not include an easement, this court has adopted a different rule in *Beach* v. *Miller*, 51 Ill. 206. In that case an action of covenant was brought to recover damages claimed to have been sustained by reason of an alleged breach of covenants contained in a warranty deed. The defendant, on the 27th day of September, 1855, conveyed the right of way across the land described in the deed sued

upon to the Peoria and Oquawka Railroad Company. The evidence showed that the railroad was constructed across the land and was in use by the company at the time plaintiff purchased, and he was aware of the fact, but nothing was said in reference to it at the time of or previous to the sale. The plaintiff claimed this was such an encumbrance as created a breach of the cove-. nant against encumbrances, while the defendant claimed it was not. There was no reservation of this right of way from the operation of defendant's deed. The deed to the railroad company only purported to convey the right of way, and not the fee to the land. In the decision of the case it was said (p. 209): "Was this right of way, then, an encumbrance upon the land? We think it was. It is true, the authorities on this question are not harmonious; but we think the current holds such an easement to be an encumbrance, and that they are supported by the better reason. In the case of *Prescott* v. *Trueman*, 4 Mass. 627, Chief Justice Parsons, in delivering the opinion of the court, says: 'Thus the right to an easement of any kind in the land is an encumbrance. So is a mortgage. So, also, is a claim of dower, which may partly defeat the plaintiff's title by taking a freehold in one-third of it.' And to the same effect are the cases of *Mitchell* v. *Warner*, 5 Conn. 497, and *Harlow* v. *Thomas*, 15 Pick. 68, where it is held that a private way over the land is an encumbrance. A right to go upon the land to clear an artificial watercourse has been so held, (*Prescott* v. *Williams*, 5 Metc. 433,) and a right to cut timber on land was held to be an encumbrance. (*Cathcart* v. *Bowman*, 5 Barr, 317.) In the case of *Kellogg* v. *Ingersoll*, 2 Mass. 97, Chief Justice Parsons said, in delivering the opinion of the court, that 'the court are well satisfied that the road, as there described, is an encumbrance on the land sold. It is a legal obstruction to the purchaser to exercise that dominion over the land to which the lawful owner is entitled. An encumbrance of this nature may be a great damage to the

purchaser, or the damage may be very inconsiderable, or merely nominal. The amount of damages is a proper subject of consideration for the jury who may assess them, but it cannot affect the question whether a public town road is an encumbrance of the land over which it is laid.' Where a purchaser acquires the fee to land free and unencumbered he obtains the absolute dominion over it, and may use and enjoy it by appropriating it to any legitimate use he may choose, but where it is subject to easements it is not free nor can he enjoy it to its full extent. When encumbered by a private or public way passing over it he does not have absolute dominion over it as he would were it not under such servitude. With the easement of a private way, the person holding it can use and enjoy it in his own right for the purposes of the way and the owner of the fee cannot control its use. So of a public highway. The public enjoy the right to its unobstructed use in defiance of the owner of the fee. * * * The vendor is under no compulsion to make covenants when he sells land, but having done so he must keep them or respond in damages for injury sustained by their breach. Nor is it a release or discharge of the covenant to say that both parties knew it was not true or that it would not be performed when it was made. A person may warrant an article to be sound when both buyer and seller know it is unsound. So the seller may warrant the quantity or quality of an article he sells when both parties know that it is not of the quality or does not contain the quantity warranted. * * * If, then, a private or public way is an encumbrance, (and we have seen that it is,) it follows that, in principle, a turnpike or railway legally located and running over a piece of land, upon the same ground and for the same reasons, must be held to be an encumbrance, as it in an equal or greater degree obstructs or encumbers the free use of the land, and a person selling land thus encumbered and covenanting that it is not must be held to per-

form his covenant by its removal or respond in damages. * * * In Maine, New Hampshire, Connecticut, Vermont and Iowa the courts of those States seem to have followed the case of *Kellogg* v. *Ingersoll*, and are opposed to the doctrine of the Pennsylvania courts. Although the fee may not have passed by the deed in this case, still the right of user was granted, and that being vested in the railroad company, and they having its exclusive use, it must be held to be an encumbrance within the covenants of this deed, and being an encumbrance it operated as a breach of the covenant and gives the right of recovery."

In line with the foregoing authority is the case of *Wadhams* v. *Swan*, 109 Ill. 46, where the doctrine announced in *Beach* v. *Miller* is re-affirmed.

Upon an examination of appellee's pleas it will be found that the contract under which the lands described therein were to be conveyed provided that $18,200 should be paid for all of the lands named in the contract, all of which has been paid except the note in suit, which is the last payment. The pleas aver that appellant, Weiss, and wife should convey to said Stone, by good and sufficient deed of conveyance, in fee simple, free from all encumbrances, with full covenants of warranty, *all of said premises*, and then aver that at no time before the commencement of the suit could Weiss or his wife convey to said Stone lots 3, 4 and 5 and the fractional northwest quarter of section 27, in fee simple, free and clear from all encumbrances, as in said contract provided. As the lands which the vendors could not convey were only a part of those contracted to be conveyed, it is claimed that the pleas are bad because they fail to aver that the lands which could not be conveyed were worth at least the amount of the note sued upon, and interest. No authority has been cited to sustain this position, and we are aware of no well considered case where the rule contended for is sustained. As has been said before, the con-

veyance of the premises described in the contract of sale in fee simple, free and clear of all encumbrance, and the payment of the note in suit, are dependent and concurrent acts, and before the plaintiff can recover on the note it must appear that he is ready and able to convey, not only a part of the premises agreed to be conveyed, but all. The purchaser, Stone, contracted for all the lands described in the contract, and he could not be required to pay for all and accept a deed for less.

The easement set up in the replications being an encumbrance, and the vendor, Weiss, having covenanted "to execute a good and sufficient deed of conveyance in fee simple, free from encumbrance, with full covenants of warranty," for the premises described in the bond for a deed, he cannot collect this, the last of a series of notes given for the purchase money, unless he can convey the title free of encumbrance, and he cannot release or discharge the covenant by saying the vendee knew of the encumbrance when the contract was entered into.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*