ADOLPH GRAY

*v.*

S. M. MEEK.

*Opinion filed October 25, 1902.*

1. CONTRACTS—*measure of damages for breach of contract to buy lots at agreed prices.* If an agent employed to sell lots on commission contracts to purchase the lots remaining unsold at the expiration of the contract, at stipulated prices, the measure of damages in case of breach of contract is the agreed price of the lots, and not the difference between the agreed price and the fair market value of the lots at the time the agent agreed to take and pay for them.

2. SAME—*installment contracts—duty of a seller to tender deed on last payment.* A purchaser of property, to be paid for in installments, is not entitled to a deed until the last payment is made, if there is no time fixed in the contract for delivery; but the purchaser is not bound to make the last payment until the deed is tendered.

*Gray* v. *Meek,* 101 Ill. App. 463, affirmed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

This suit was brought in the circuit court of Cook county by S. M. Meek, defendant in error, against Adolph Gray, plaintiff in error, on a certain written contract and supplemental contract between the parties. The original contract of October 25, 1890, provided that Gray was to act as the agent of Meek in selling about eighty lots that Meek owned in a certain subdivision; that Gray was to

have the exclusive right of selling these lots for one year, and no longer, at prices averaging $130.50 per lot for all inside lots and $175 for corner lots and lots fronting on Milwaukee avenue, the first payment to be not less than $5 down and monthly payments to be not less than $2.50, all deferred payments to draw six per cent interest per annum; that Meek agreed to convey the lots when paid for according to the agreement; that of the cash paid in on the contracts of sale, one-half should go to Meek and one-half to Gray, as his commission, less ten per cent on such half, the ten per cent to be kept back until final settlement, and all amounts over and above the stipulated prices for the lots realized on the sales should go to Gray in full payment for his services in making such sales; that in case any lots remained unsold at the end of the year, Gray was to buy such remaining lots and Meek to sell them to him at the above prices, and to allow the ten per cent kept back to apply on the purchase price of the lots so remaining, and Gray to pay the balance on the same terms and at the same prices as provided on sales to others. After the expiration of the year provided in this contract a supplemental contract was made by the parties, in April, 1892, which did not abate any of the terms of the original contract, but extended the time to complete the sale of the lots to November 1, 1892, and it was stipulated that Gray was still bound to take and pay for the lots then unsold, as provided in the original contract. It was further agreed that Gray was to pay taxes after 1891, and six per cent interest per annum on all lots unsold after October 25, 1891, which taxes and interest were to be rebated to him if collected from other purchasers. It was also agreed that two cash payments of $237 and $235, respectively, made by Gray to Meek, should be retained by the latter and not divided, but should go toward extinguishing the purchase price or interest to be paid by Gray on final settlement.

There were four counts in the declaration—the first two for the moneys received by Gray on the contract and wrongfully withheld by him, the third for the agreed price of the lots remaining unsold, and the fourth in trover. The plea was the general issue. The jury found a verdict for $5468.03 for the plaintiff below, being the total amount claimed by him to be due on the contract, and judgment was entered for the same. The Appellate Court affirmed the judgment, and the defendant below has brought the case before us on writ of error.

J. F. HESS, and J. W. BYAM, for plaintiff in error.

MEEK, MEEK, COCHRANE & MUNSELL, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

It is claimed by plaintiff in error that the declaration does not support the verdict of the jury, under the evidence. This contention is based on the theory of plaintiff in error that defendant in error on the trial waived all the counts of his declaration but the first. There was some talk between the counsel for defendant in error and the court on the trial, but we are satisfied from what was said, and from the subsequent acts of the parties in giving in evidence under the first three counts, that it was only the last count—the count in trover—which was waived. This was evidently the view of the presiding judge as shown by his rulings on the trial.

It is next urged by plaintiff in error that the defendant in error is not entitled to a recovery on the basis of the agreed price of the lots, but that the true measure of damages is the difference between the agreed price and the fair market value at the time Gray agreed to take and pay for the lots in question. This contention is not tenable. Meek sued on the contract, by which Gray agreed to pay the stipulated prices for the lots unsold at the

expiration of the contract. When this contract was extended he again agreed to take the lots unsold at the expiration of the extension, and to pay the stipulated prices, and both contracts contained specific directions as to the application of moneys received towards paying for these lots to be taken by Gray.

It is also urged that there was no tender of a deed for these lots from Meek to Gray pleaded or proved. There was no tender pleaded, but no advantage was taken of this in apt time. The only proof in regard to a tender is the evidence of Meek that he offered Gray a deed for these lots, and the further offer he made in a letter to give him a deed and take a mortgage back. Nothing further was elicited in regard to the tender. No tender was necessary under the terms of the contract until the last payment became due, as Meek did not agree to make a conveyance until the lots were paid for. But demanding the whole amount due on these lots, he should have tendered a deed. A purchaser of property to be paid for in installments, where there is no time fixed for the delivery of the deed, is not entitled to receive his deed until the last payment is made; nor is a purchaser obliged to part with his money before he receives the deed. (*Duncan* v. *Charles*, 4 Scam. 561; *Weiss* v. *Binnian*, 178 Ill. 241.) The lots were to be paid for, $5 down and monthly payments of not less than $2.50. The time for all payments by Gray had elapsed when suit was brought. The obligation to pay all but the last installment was absolute and unconditional. By neglecting to enforce payment on these installments as they became due, and by waiting until the last one became due and the time for making the conveyance had elapsed, the promise to pay the previous installments, once absolute and independent, did not become mutual and dependent. (*Duncan* v. *Charles*, *supra; Sheeren* v. *Moses*, 84 Ill. 448.) To remedy this error, respecting the failure to tender a deed, defendant in error offers to enter a *remittitur* in this court for the amount of

the last payment on these lots, thirty-three in number, and interest thereon, namely $94.87.

Some criticism is made on two of the instructions, but as the jury found the damages to be the exact amount as shown by the statement of defendant in error, which was admitted by plaintiff in error to be correct on the theory of the case maintained by defendant in error and which was admitted in evidence without objection, the plaintiff in error has not been injured thereby.

As the judgment below was too large by the amount of the last payment and interest thereon, to-wit, $94.87, and as the defendant in error remits that amount, the judgment will be affirmed as to the balance, except as to costs in the Appellate Court. The judgment for such costs will be reversed, and all costs incurred in this court up to the time of entering the *remittitur* will be taxed against the defendant in error.

*Remittitur allowed and judgment affirmed.*