**John W. Dickson et al., Appellants, v. George S. Turner, Appellee.**

CONTRACTS—*remedies available for breach providing for purchase of land.* Upon refusal to comply with the provisions of a contract to purchase real estate, two remedies are available to the vendor, namely, an action at law to recover damages for the breach, the measure of such damages being the difference between the market value of the property on the day of the breach and the

contract price, and a suit in equity for specific performance of the contract. In an action at law the vendor cannot recover the contract price for the land and still retain possession and title.

Assumpsit. Appeal from the Circuit Court of Fulton county; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 19, 1909.

MARVIN T. ROBISON, O. J. BOYER and HARRY M. WAGGONER, for appellants.

CHIPERFIELD & CHIPERFIELD and C. B. ADAMS, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit in assumpsit brought by John W. Dickson and Susanna C. A. Dickson, his wife, against George S. Turner. The declaration contains two counts. The first count alleges that the defendant was on April 1, 1907, indebted to the plaintiffs in the sum of $17,500 for the purchase price of certain described real estate under and by virtue of a certain contract entered into between plaintiffs and defendant, as follows:

"This agreement, made this 20th day of February, A. D. 1907, by and between John W. Dickson and Susanna C. A. Dickson, his wife, of the first part, and George S. Turner, of the second part, witnesseth, that for value received, each from the other, the parties hereto have agreed as follows:

"First. Said parties of the first part have this day sold to said party of the second part, all that part of the Southwest quarter of section twenty-four (24) that lies west of the public highway running North and South across the same, also the northwest quarter of the northwest quarter of section twenty-five (25), also twenty (20) acres in the southeast corner of the southeast quarter of section twenty-three (23), all in township six (6) north of the base line, in range three (3) east of the 4th P. M., Fulton County, Illinois, for the sum of $17,500, and agreed to give full possession of

the same on the 10th day of March, A. D. 1907, and have executed a deed therefor to said party of the second part.

"Second. Said party of the second part has this day executed a promissory note for the sum of $2000, payable to the order of said John W. Dickson, on April 1, A. D. 1907, with interest after maturity at the rate of 5% per annum, and agreed to pay the further sum of $15,000 to said party of the first part, at the Lewiston National Bank of Lewiston, Illinois, on said 1st day of April, A. D. 1907, in payment for said land.

"Third. It is further agreed that the said deed and said note are to be deposited, together with this contract, with Walter H. Rhodes, Cashier of the Lewiston National Bank of Lewiston, Illinois, to be held by him until said 1st day of April, A. D. 1907, at which time if said party of the second part pays said Rhodes for said parties of the first part the sum of $17,500, then said Rhodes is to give said Turner said note of $2000, and said deed and is to cancel this contract. If on said 1st day of April A. D. 1907, said Turner does not pay said Rhodes said sum of $17,500 for said parties of the first part, then said Rhodes is to deliver to said parties of the first part said note, said deed and this contract. Said note is given as a forfeit in the event of said Turner's failing to comply with his part of this agreement.

"Fifth. If the said Turner fails to secure a real estate loan by said 1st day of April, A. D. 1907, and for that reason wants an extension of time of not to exceed sixty days the parties of the first part hereby agree that said Rhodes may hold said papers for sixty days after April 1st, A. D. 1907. If said party of the second part secures a loan at 5%, or any less rate without assistance of said John W. Dickson then said Dickson will pay said Turner $175. In the event said John W. Dickson should secure a loan for said Turner at 5% or any less rate, said Dickson is to charge no commission for his services but said John W. Dickson does not obligate himself to secure any loan for said Turner.

"Sixth. If the time of payment is extended, as above stated, then said Turner is to pay, in addition

to said sum of $17,500, interest thereon at the rate of 5% per annum until said last mentioned sum is paid to said Rhodes which must be paid within 60 days after April 1, A. D. 1907.

JOHN  W.  DICKSON          [SEAL.]
SUSANNA  C.  A.  DICKSON    [SEAL.]
GEORGE  S.  TURNER         [SEAL.]"

It is further alleged in the said count of said declaration that the deed mentioned in said contract was duly executed by the plaintiffs and deposited, together with said contract, with Walter H. Rhodes and was held by him until April 1, 1907, and ever since said time has been ready to be delivered to the defendant upon the payment of said purchase price; that the defendant being so indebted to the plaintiffs for said premises, in consideration thereof, then and there promised to pay to the plaintiffs the said sum of money mentioned in said contract, and that the defendant though requested has not paid the same, nor any part thereof to the plaintiffs, but refuses so to do, to the damage of the plaintiffs of $20,000, etc.

The second count consists of the common counts and further alleges that defendant was indebted to the plaintiffs in the sum of $20,000 for liquidated damages to be paid by the defendant to the plaintiffs in case of the failure of defendant to comply with his certain contract for the purchase of real estate of the plaintiffs, which said contract was in writing signed by the plaintiffs and defendant, and ready to be produced by plaintiffs upon the trial. To this declaration the defendant pleaded the general issue.

Upon the trial of the case before a jury when it was disclosed by the evidence that the defendant had never come into possession of the land described in the contract and in the deed made in pursuance of such contract, and that the said deed had never in fact been delivered to the defendant, and that the plaintiffs then and ever since the making of said contract and deed had been in the possession of said land, the trial court upon the objection of the defendant refused to admit

in evidence the said contract and deed and the note for $2,000 provided by said contract to be given by the defendant to John W. Dickson, one of the plaintiffs, and upon the motion of the defendant instructed the jury to find the issues for the defendant. From the judgment entered upon such verdict the plaintiffs prosecute this appeal.

The contract for the sale and purchase of the land offered in evidence by plaintiffs was an executory and not an executed contract. Upon the refusal of the defendant to comply with the provisions of such contract two remedies were available to the plaintiffs, viz.: One an action at law to recover damages for its breach, the measure of such damages being the difference between the market value of the property on April 1, 1907, and the contract price; and the other a suit in equity for specific performance of the contract. In an action at law plaintiffs cannot recover the contract price for the land and still retain possession and title to the land. Elder v. Hood, 38 Ill. 533, relied upon by appellants, is not in point, because the contract there involved was an executed contract. Whether the note for $2,000 payable to the order of John W. Dickson, mentioned in the contract as having been executed by the defendant as a forfeit in the event of his failing to comply with his part of the agreement, be treated as a penalty or the amount agreed upon as liquidated damages in the event of a breach of the contract by the defendant, no recovery was sought upon said note by the declaration, and no recovery could be had thereon in this suit because the note was made payable to one of the plaintiffs individually. Plaintiffs were not entitled to a recovery in this suit under either count of their declaration and the court did not err in refusing to admit the evidence offered and in giving to the jury a peremptory instruction. The judgment will be affirmed.

*Affirmed.*