## Sarah French Miller, Appellee, v. Albert V. Thomas et al., Appellants.

### Gen. No. 6,173.

1. DAMAGES, § 57*—*what is measure of damages for breach of contract to repurchase unsold land from vendee.* Where land is sold by one person to another and a deed to other land and a contract for repurchase of the latter land taken as part payment of the purchase price, under which contract of repurchase the vendor of such latter land agrees to sell it for the vendees for a stipulated price within one year, and, if he fails to do so, to repurchase it at such price, the measure of damages for refusal to repurchase such latter land at the expiration of one year, after tender of a deed, is the contract price.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. ASSUMPSIT, § 23*—*when recovery may be had on common counts for money due.* Where a contract has been fully executed and nothing remains to be done but to pay the amount specified, a recovery may be had under the common counts for money due.

3. PLEADING, § 161*—*when defendant limited to defenses in affidavit of merits.* A defendant is confined to the defenses set up in an affidavit of merits.

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed February 8, 1916.

SHELTON McGRATH and C. W. HEYL, for appellants; FRANK J. QUINN, of counsel.

McROBERTS, MORGAN & ZIMMERMAN, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Sarah French Miller sold and conveyed real estate in Peoria to Irene M. Thomas and took in part payment a deed of certain real estate in Mississippi, together with a contract back from Mrs. Thomas and her husband, Albert V. Thomas, concerning the same land, dated April 25, 1913, the body of which was as follows:

"Having sold to Sarah French Miller the property situated in Harrison County, Mississippi, and described as the West Half of the Southwest Quarter of Section Two (2) in Township Six (6) South, of Range Twelve (12) West, I hereby agree and guarantee, as part of the consideration in said sale, to resell said property for said Sarah French Miller within one year from date hereof, for not less than $1,600.00 to her upon terms of at least one-half cash, balance in one, two and three years, with 6% interest.

"I hereby further covenant and agree, for the consideration above guaranteed, that in case I shall fail to sell said above described land to some third person

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

within said period of one year, at the price aforesaid, I shall then, immediately at the expiration of said period, myself purchase said land from said Sarah French Miller at said price of $1600.00 and upon said terms.

"Said Sarah French Miller shall not be bound to sell at said price, but should she decline a bona fide offer of purchase as hereinbefore provided, or should she decline to sell said land to me at the expiration of said period as above provided, then upon such declination this guaranty shall cease."

Mr. and Mrs. Thomas did not resell said land within one year nor did they repurchase the same from her at the end of the year. Mrs. Miller and her husband thereupon executed and acknowledged a warranty deed of said premises to Albert V. Thomas, who was the agent of his wife, and caused the same to be tendered to him, and he refused to receive the deed and refused to pay the money. Then this suit was brought to recover the purchase money, and plaintiff filed a declaration containing the special count, setting out the contract *in haec verba,* another special count declaring on the instrument according to its legal effect, and the consolidated common counts, to which was attached an affidavit by plaintiff that there was then due her from the defendants under said contract $1,634.66. Defendants filed a plea of nonassumpsit with an affidavit of merits. The cause was tried by a jury and plaintiff had a verdict for $1,634.66, a motion for a new trial was denied and plaintiff had judgment for that amount and defendants appeal.

Appellants contend that the measure of damages in such a case is the difference between the contract price and the fair market value, and that as the proof is that this land is worth $1,600, only nominal damages could be recovered. In *Gray v. Meek,* 101 Ill. App. 463, and 199 Ill. 136, it was held that said rule was not applicable to such a case. There Gray, as the agent of Meek,

had the exclusive right by contract to sell certain lots for one year at certain prices, and if any lots remained unsold at the end of one year, Gray was to buy such remaining lots and Meek was to sell them to him at the above prices. Afterwards there was a written extension of the contract. Certain lots remained unsold and Meek sued Gray, first, for certain moneys withheld on lots which had been sold and, second, for the agreed price for the lots remaining unsold. Gray set up that the true measure of damages was the difference between the agreed price and the fair market value. This contention was held not tenable. Meek recovered the entire consideration for the lots not sold. The payments were in instalments and no tender of a deed had been pleaded and there was no sufficient proof of a tender. The court held that Meek could recover all the instalments except the last, but could not recover the last instalment because he had not pleaded and proved tender of a deed. He entered a remittitur in the Supreme Court for the amount of the last instalment and the judgment was affirmed as to the balance. It is argued here that the case does not apply, because there presumably Gray had possession. It will be seen, however, by reading the contract as set out in the Appellate Court opinion, that Gray was not to exercise any right of ownership or have any interest in the real estate by reason of that agreement. This case of *Gray v. Meek* has never been overruled so far as we are advised, and is therefore controlling on the right to recover.

Appellants contend that the special counts declare for damages and not for the money due under the contract, and therefore only nominal damages could be recovered. If there is any defect in the conclusion of these special counts, which we do not concede, yet the common counts sought a recovery for money due. This contract had been wholly executed and nothing re-

mained to be done but to pay the amount specified. In such a case a recovery may be had under the common counts. *Bauer v. Hindley,* 222 Ill. 319. Appellants contend that if they are liable to pay this $1,600, they are only liable by the terms of the contract to pay $800 at the end of the year and the balance at one, two and three years with six per cent. interest. The year ended April 24, 1914, and the suit was begun July 28, 1914, and appellants contend that therefore only $800 could be recovered in this suit. Appellee contends that the true construction of the contract is that the whole sum was due her at the end of the year. Assuming that appellants are right as to the time within which they could pay, still they cannot avail of this defense in the present condition of the pleadings. Appellee filed with her declaration an affidavit showing the nature of her demand and the amount claimed to be due her. In such case section 55 of the Practice Act (J. & A. ¶ 8592) required defendants, in order to avoid a default, to state that they verily believed that they had a good defense upon the merits to the whole or a portion of the plaintiff's demand, and if a portion, specifying the amount, and specifying the nature of such defense. Albert V. Thomas filed an affidavit with the plea of the defendants in which he stated that in making such affidavit he was acting for himself and as agent for Irene Thomas; that he verily believed that defendants had a good defense upon the merits to the whole of the plaintiff's demand, and that the nature of the defense was that plaintiff did not tender a deed to the premises referred to, but offered to deliver some sort of a writing provided defendants would pay the plaintiff $1,600, and that plaintiff has never offered or been willing to deed to defendants said premises according to the terms of the writing, and that plaintiff has not suffered any damages on account of any failure or refusal of the defendants. Under *Allen v. Watt,* 69 Ill. 655; *Haggard*

*v. Smith,* 71 Ill. 226; *Mayberry v. Van Horn,* 83 Ill. 289; *Henry v. Meriam & Morgan Paraffine Co.,* 83 Ill. 461; and *Kadison v. Fortune-Bros. Brewing Co.,* 163 Ill.'App. 276, appellants were confined to the defenses set up in said affidavit. The defense that appellee had not suffered any damages has already been disposed of. The remaining defense was that there was no tender of a deed. The tender of the deed was duly shown. Although the last instalment might not have been due when that tender was made, yet appellee could not demand the whole amount without tendering the deed. The affidavit did not set up that some of the instalments were not due, but only that the deed was not tendered in accordance with the contract. Defendants did not offer to pay $800, and they did not set up the affidavit that only $800 was due. The deed was tendered and was offered in evidence, and the only defense so set up was not maintained.

The judgment is therefore affirmed.

*Affirmed.*

MR. JUSTICE NIEHAUS took no part.