<hr/>

## Hugo Ash, Defendant in Error, v. Isidor Oppman, Plaintiff in Error.

### Gen. No. 22,177.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in this court at the March term, 1916. Reversed with direction to enter a judgment of *nil capiat* for defendant Oppman. Opinion filed June 19, 1916. Rehearing denied July 1, 1916.

## Statement of the Case.

Action by Hugo Ash, plaintiff, against Isidor Oppman, defendant, to recover commissions for the sale of real estate for defendant to one Silver. From a judgment for plaintiff, defendant brings writ of error.

On the back of the contract of sale Ash made the following indorsement: "My commission is dependent upon the actual consummation of the within sale and the payment of the purchase price." This contract

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was prepared and not signed by Oppman and Silver, but the indorsement as to commissions was signed by Ash. A second contract was prepared by defendant's attorney, was signed by Oppman and Silver, and the following indorsement made thereon was signed by Ash: "I agree with Isidor Oppman that I shall be entitled to commission only in the event that this contract is fully consummated and the purchase money actually paid."

The evidence was conflicting.

RUDOLPH D. HUSZAGH, for plaintiff in error.

EDWARD MAHER, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. VENDOR AND PURCHASER—*when evidence sufficient to show that purchaser in default under contract.* In an action by a broker for commissions under a contract providing that he should be entitled thereto only in the event that the contract was fully consummated and the purchase money actually paid, evidence *held* sufficient to sustain a finding that the purchaser had made no effort to perform on the day set for the performance and that he was in default.

2. BROKERS, § 36*—*what constitutes performance of contract entitling broker to commission.* The general rule is that if a broker who has been employed to effect a sale of property finds a purchaser of sufficient responsibility willing to take the property on the terms stated, he has performed his contract, and is entitled to his commission, it being immaterial in such a case that either party has refused to carry out the contract.

3. BROKERS, § 56*—*when not entitled to commissions under express agreement.* Where an agreement is entered into between a vendor and a broker whereby the latter is to be entitled to his commissions only in the event that the contract is fully consummated and the purchase price fully paid, he is not entitled to his commissions where the contract of purchase is not performed but the purchaser defaults and the vendor accepts the forfeiture of the contract.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. VENDOR AND PURCHASER, § 244*—*what are remedies of vendor upon default in performance by vendee.* Where a purchaser of land defaults in performance of the contract the vendor may bring an action for specific performance of the contract, or a suit for damages, or he may accept the act as a forfeiture of the contract.