**Charles W. Thurman, Appellant, v. Guy F. Alcott, Appellee.**

**Gen. No. 7,804.**

1. VENDORS AND PURCHASERS—*sufficiency of declaration for contract price to raise issue of fact.* In an action for the contract price under a contract for the sale of a farm, plaintiff's allegation in his declaration that the land described in the deed tendered to defendant is the same as that described in the contract, was an allegation of fact upon which defendant could have raised an issue by plea and did not render the declaration subject to demurrer.

2. VENDORS AND PURCHASERS—*recovery of contract price on breach by vendee.* Where the vendee under a land contract refused to accept a deed to the premises when tendered to him and to pay the contract price the vendor was entitled to sue for and recover the contract price.

Appeal by plaintiff from the Circuit Court of Fulton county; the Hon. W. C. FRANK, Judge, presiding. Heard in this court at the October term, 1924. Reversed and remanded with directions. Opinion filed December 31, 1924.

McGRATH, STONE & DAILY, for appellant.

TAFF & PUTMAN, for appellee.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

Appellant filed this suit in the circuit court of Fulton county to recover the contract price of a farm, consisting of 167½ acres of land, in Fulton county, which appellee, by a written contract, had purchased

from appellant and had covenanted and agreed to pay the appellant for the same the sum of $18,001 as follows: one dollar cash in hand, $1,000 on or before the 23d day of August, A. D. 1923, and the sum of $17,000 on or before the first day of January, A. D. 1924, and appellant, upon such payments having been made, covenanted and agreed to convey and assure to appellee, by a good and sufficient warranty deed, the lands in question. There were some other provisions in the contract as to payment of taxes, the collection of rents by appellant until March 1, 1924, and appellee's agreement to take over a lease, then covering said lands, and the payment of royalties upon coal to appellant until March 1, 1924, none of which, however, affect the issues in this case. Appellee paid the one dollar at the time the contract was entered into, but made no further payments.

The declaration contained three counts, the first charging that on the date of said contract, namely, July 23, A. D. 1923, and prior thereto, appellant was the owner of said premises, and ever since has been and is now the owner of said lands. The contract is set out *in hæc verba* and the execution of the same by said parties, and it is charged that it never has been annulled or canceled but is still in force.

It is further charged that on the first day of January, A. D. 1924, and on, to wit, divers other times prior thereto and since said date, up to and including, to wit, the 14th day of April, A. D. 1924, the appellant did tender to said appellee a good and sufficient warranty deed, conveying and assuring to said appellee all of the premises described in said contract, in fee simple, free and clear of all incumbrances, except the said lease and coal royalty agreement set out in said contract, and that on said first day of January, A. D. 1924, and on subsequent dates, appellant demanded of said appellee that he pay to him the said sum of $18,000, in accordance with the terms of said contract,

and that appellant also on, to wit, the 30th day of August, A. D. 1923, demanded of appellee that he pay the said sum of $1,000, in accordance with the terms of said contract, but that. the appellee, at all times since the execution of said contract, when said deed was tendered to him, had refused to accept the same and has at all times refused to pay to appellant the moneys or any part thereof due him, according to the terms of the contract; and the declaration charges that appellant has been at all times since the execution of said contract, and still is, ready, willing and able to perform all of his covenants and agreements therein set forth, and it is charged that appellee, by means of the premises, became and still is indebted to appellant in the sum of $18,000.

The second count is the same as the first, except the allegation of the ownership of said lands in appellant at the time of the execution of the contract, and the third count is a common count for moneys due for the purchase price of said real estate.

Appellee filed a general and special demurrer to the declaration, which the court sustained, and, appellant electing to stand by his declaration, judgment was entered against appellant for costs and he brings the record to this court, by appeal, for review.

It is first contended by appellee that the court properly sustained the demurrer for the reason that the deed tendered, describing the lands by metes and bounds, was not a conveyance of the lands described in the contract.  The contract described lands as follows:

"One hundred sixty-seven and one-half acres, more or less, of land, containing two dwelling houses and several outbuildings, except a strip 60 feet wide and 200 feet long, along the right of way of the Chicago, Burlington and Quincy Railroad Company.   This property is known as the 'Old Johnnie Parr' farm and was purchased by the said C. W. Thurman from the

John Parr estate. Said property is located in Fairview township and is the only property owned by the said C. W. Thurman in Fulton County, Illinois. Both party of the first part and party of the second part are fully acquainted with the location of this property and the exception mentioned above,'' and it was described as situated in the county of Fulton and State of Illinois, and appellant's declaration alleges that the lands described in said deed are the same and identical lands as those set out in the contract. This was an allegation of fact in the declaration upon which the appellee could have raised an issue by plea, and did not render the declaration subject to demurrer. To sustain said judgment, appellee further contends that when a vendee refuses to comply with the provisions of a contract for the purchase of real estate, an action at law for the purchase price will not lie, but the remedies available to the vendor are: first, an action at law to recover damages for the breach, or, second, a suit in equity for specific performance, citing: *Dickson v. Turner,* 149 Ill. App. 394; *Bell v. Anderson,* 292 Ill. 613, and *Burnham v. Roberts,* 70 Ill. 24.

In *Dickson v. Turner, supra,* this court, having under consideration a similar contract, held that the contract was an executory and not an executed contract, and that in an action at law plaintiffs cannot recover the contract price for the land and still retain possession and title to the land. In this case it was alleged that a deed had been executed and deposited, with the contract, with one Walter H. Rhodes, and ever since said time has been ready to be delivered to the defendant, etc.

In *Bell v. Anderson, supra,* the suit arose over a contract to exchange lands, and the court held that there were only two remedies,—one an action at law for damages for a violation of the contract, and the other for specific performance. In *Burnham v. Roberts, supra,* the holding is that there cannot be a re-

covery on the common counts where the property has not passed to the purchaser. In *Ash v. Oppman,* 199 Ill. App. 573, cited by appellee, it is merely held that the vendor may bring an action for specific performance of the contract or a suit for damages. In *Thorn v. Danzinger,* 50 Ill. App. 306, cited by appellee, on a sale of goods, it was held that the vendee had the right to break his contract upon the terms of being responsible to the vendors for the profits they would have made by and whatever loss there was upon so much as they had done towards the execution of the contract, and the court held that sending the goods to the vendee against his will "was no delivery that bound him to accept them. Contracts cannot be specifically performed *vi et armis.*" It may be remarked in passing as to this decision, that a vendor, in carrying out the provisions of his contract, cannot be held to be using force and arms in the sense used. In *Neuberger v. Rountree,* the last Illinois case cited by appellee, 18 Ill. App. 613, it is held in a sale of goods that: "When a vendee of goods sold at a specific price refuses to take and pay for the goods, vendor may store the goods for *vendee,* give him notice he has done so, and recover the full contract price; or he may keep the goods and recover the excess of the contract price over and above the market price of the goods at the time and place of delivery; or the vendor may (giving notice to vendee) proceed to sell the goods to the best advantage, and recover from vendee the loss, if goods fail to bring amount of contract price. In such case vendor becomes agent for vendee, etc." This authority is quoted from *Bagley v. Findlay,* 82 Ill. 525, and is more cogent in its reasoning than the rule laid down in *Neuberger v. Rountree, supra.* In *Bagley v. Findlay, supra,* it is held that the vendor takes the position of agent for the vendee, and is held to the same degree of care, judgment and fidelity that is imposed by the law upon an agent, put in

the custody of such goods in such condition, with instructions to sell them to the best advantage.

In *Gray v. Meek*, 199 Ill. 136, a case in all respects like the case at bar except that vendor did not plead the tender of a deed, it was held: "It is next urged by plaintiff in error that the defendant in error is not entitled to a recovery on the basis of the agreed price of the lots, but that the true measure of damages is the difference between the agreed price and the fair market value at the time Gray agreed to take and pay for the lots in question. This contention is not tenable. Meek sued on the contract, by which Gray agreed to pay the stipulated prices for the lots unsold at the expiration of the contract. When this contract was extended he again agreed to take the lots unsold at the expiration of the extension, and to pay the stipulated prices, and both contracts contained specific directions as to the application of moneys received towards paying for these lots to be taken by Gray."

It was further held: "There was no tender pleaded, but no advantage was taken of this in apt time. The only proof in regard to a tender is the evidence of Meek that he offered Gray a deed for these lots, and the further offer he made in a letter to give him a deed and take a mortgage back. Nothing further was elicited in regard to the tender. No tender was necessary under the terms of the contract until the last payment became due, as Meek did not agree to make a conveyance until the lots were paid for. But demanding the whole amount due on these lots, he should have tendered a deed. A purchaser of property to be paid for in instalments, where there is no time fixed for the delivery of the deed, is not entitled to receive his deed until the last payment is made; nor is a purchaser obliged to part with his money before he receives the deed. (*Duncan v. Charles,* 4 Scam. 561; *Weiss v. Binnian,* 178 Ill. 241.)"

In *Gray v. Meek, supra,* the court held that inasmuch as the lots were to be paid for in instalments,

the plaintiff could recover, under the covenants in the contract, on the part of the vendee to pay, but that inasmuch as there was no tender of a deed pleaded or proven, the vendor could not recover the last instalment, which was remitted. *Gray v. Meek, supra,* has never been overruled and was followed in *Miller v. Thomas,* 200 Ill. App. 125. In *Miller v. Thomas, supra,* it was argued that *Gray v. Meek, supra,* did not apply because in the *Gray* case presumably Gray had possession but the court say, and it is reiterated, that by reading the contract, as set out in the Appellate Court opinion, it is seen that Gray was not to exercise any right of ownership or have any interest in the real estate by reason of that agreement. No such question could arise in the case at bar, for appellee was to make the complete payments for the land on or before January 1, 1924, and was to take no interest in the land until the first day of March, 1924, and he had contracted to accept the lands, subject to the existing lease and contracts. Under the declaration in this case, and the authority of *Gray v. Meek, supra,* even if appellant had never offered or tendered any deed, he would have been entitled to recover the thousand dollars due August 23, 1923, by the covenants of the contract, but having tendered his deed duly to appellee, as admitted by the pleadings, appellant was entitled to sue for and recover the contract price of said lands, under the authorities cited. Whatever was said by this court in *Dickson v. Turner, supra,* contrary to this opinion, is overruled. The court below should have overruled appellee's demurrer and required appellee to plead to the declaration. For this error, the judgment of the circuit court of Fulton county is reversed and the cause remanded with directions to that court to overrule appellee's demurrer and grant leave to appellee to plead to the declaration.

*Reversed and remanded with directions.*