Percy Wilson, as Trustee under Trust Agreement Dated March 1, 1927, Plaintiff-Appellant, v. Mike Locigno, Defendant-Appellee.

Gen. No. 34,347.

Heard in the third division of this court for the first district at the June term, 1930. Opinion filed December 10, 1930.

FOREMAN, BLUFORD, KRINSLEY & SCHULTZ and WILLIAM J. RYAN, for appellant; OWEN RALL, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

This is an action brought by Percy Wilson, plaintiff, as trustee under a trust agreement dated March 1, 1927, against the defendant Mike Locigno to recover

$95.63, alleged to be an instalment due upon a written real estate contract. The trial court upon motion of the defendant struck the plaintiff's amended statement of claim on the ground that it was insufficient in law. Plaintiff elected to stand by his amended statement of claim and the trial court dismissed plaintiff's suit and entered judgment for costs in favor of defendant, from which judgment plaintiff prayed an appeal to this court.

We are not aided in our consideration of this cause by briefs filed on behalf of the defendant.

The amended statement of claim charges that on or about December 17, 1927, plaintiff and defendant entered into a written contract which is set out in full. By this agreement plaintiff, as vendor, agreed to convey to the defendant a parcel of land if the defendant should first make the payments named therein and perform the covenants mentioned in the contract. Among other things the defendant agreed to pay $595 to the plaintiff, part of the sum being due in monthly instalments of $7.50 each on January 20, 1928 and on the 20th day of each month thereafter until the whole amount should have been paid; charges that certain payments have been made under the agreement and that at the time of the commencement of the suit there was due the sum of $100.63; that since the commencement of said suit the defendant has paid an additional sum of $5, leaving $95.63 still due. The contract contains the following provision:

" . . . this contract shall at the option of the vendor be forfeited and determined, without notice, whether time of payment has been extended or not, provided purchaser shall be in default as to such extension, if any, at the time of vendor's exercise of said option, and the purchaser shall forfeit all payments made on this contract, and such payments shall, without notice or demand of any kind, be retained by the

said vendor in full satisfaction and in liquidation of all damages by him sustained.''

We assume that the trial court was of the opinion that, under this clause, a failure of the vendee to pay an instalment would cause a forfeiture of the contract, leaving the right in the vendor to retain payment already made as liquidated damages, file a bill for specific performance, or sue for breach of contract. There is nothing, however, in the agreement stating that a failure to pay any of the instalments when due shall cause a forfeiture of the rights of the parties, with the right of the vendor to retain such payments as liquidated damages. The clause in the agreement already referred to is an optional right in the vendor which he may avail himself of if he sees fit. The vendor in this case has not seen fit to avail himself of this provision of the contract, but is seeking to enforce his right under the agreement by suing for the amount due thereunder. By the agreement the vendor agreed to turn over to the vendee a deed to the property on the final payment, and the vendee on his part agreed to make these payments as they fell due. This was a contract and the parties were bound by it. Neither was it necessary for the vendor to wait until the last instalment was due before bringing suit, and it was only necessary to tender a deed upon payment of the last instalment.

The Supreme Court of this State in the case of *Gray v. Meek,* 199 Ill. 136, in its opinion said:

''It is next urged by plaintiff in error that the defendant in error is not entitled to a recovery on the basis of the agreed price of the lots, but that the true measure of damages is the difference between the agreed price and the fair market value at the time Gray agreed to take and pay for the lots in question. This contention is not tenable. Meek sued on the contract, by which Gray agreed to pay the stipulated

prices for the lots unsold at the expiration of the contract.''

Again in its opinion in discussing the obligation of the vendor to tender a deed, the court said: ''No tender was necessary under the terms of the contract until the last payment became due, as Meek did not agree to make a conveyance until the lots were paid for. But demanding the whole amount due on these lots, he should have tendered a deed. A purchaser of property to be paid for in instalments, where there is no time fixed for the delivery of the deed, is not entitled to receive his deed until the last payment is made; nor is a purchaser obliged to part with his money before he receives the deed. (*Duncan v. Charles*, 4 Scam. 561; *Weiss v. Binnian*, 178 Ill. 241.) The lots were to be paid for, $5 down and monthly payments of not less than $2.50. The time for all payments by Gray had elapsed when suit was brought. The obligation to pay all but the last instalment was absolute and unconditional. By neglecting to enforce payment on these instalments as they became due, and by waiting until the last one became due and the time for making the conveyance had elapsed, the promise to pay the previous instalments, once absolute and independent, did not become mutual and dependent. (*Duncan v. Charles, supra; Sheeren v. Moses*, 84 Ill. 448.) To remedy this error, respecting the failure to tender a deed, defendant in error offers to enter a remittitur in this court for the amount of the last payment on these lots, thirty-three in number, and interest thereon, namely $94.87.''

A reading of the opinion quoted above discloses the fact that a demand having been made for the full amount, it was necessary to tender a deed. The Supreme Court, however, permitted a remittitur of the amount not yet due, and entered judgment for the balance. To the same effect see *Thurman v. Alcott,*

235 Ill. App. 545; *Howorth v. Mills,* 62 Utah 574; *Queens Park Gardens, Inc. v. Spar,* 234 N. Y. S. 404.

This contract was not self-executing. The forfeiture did not take place automatically. The forfeiture, under the agreement, could not take place unless the vendor so willed it. *Howorth v. Mills,* 62 Utah 574.

. Under this agreement vendee was obligated to pay in monthly instalments. Vendor had the right to sue for these instalments as they fell due. *Marshall v. Grosse Clothing Co.,* 184 Ill. 421; *Commercial Casualty Ins. Co. v. Campfield,* 243 Ill. App. 453.

The trial court erred in dismissing the amended statement of claim and entering judgment for the defendant.

For the reasons stated in this opinion, the judgment of the municipal court is reversed and the cause remanded with directions to vacate said judgment and grant leave to the defendant to file his affidavit of defense.

*Judgment reversed and cause remanded with directions.*

HEBEL and FRIEND, JJ., concur.