## William Weiss v. William H. Binnian.

1.   PRACTICE—*Judgment upon Unanswered Pleas.*—If pleas filed constitute a complete defense to each cause of action set up in the various counts of the declaration, and the plaintiff declines to meet then by proper replications, the court may enter judgment in bar upon them, notwithstanding there were issues standing undetermined upon other pleas.

2.   PLEAS—*Demurrer—Effect of Standing by a Replication.*—When the defendant's plea is in bar of the action, and a demurrer is sustained to a defective replication, and the plaintiff elects to stand by his replication, the effect is the same as though the issue tendered by the plea had been decided for the defendant.

3.   WAIVER—*When a Party Does Not Stand by His Demurrer.*—Where the plaintiff, instead of standing by his demurrer to pleas, files special replications to them, he is not in a position to urge that the court erred in overruling his demurrer to the pleas.

Weiss v. Binnian.

4. COVENANTS—*For Title—Effect of.*—Where a person insists upon and obtains a covenant for title, he has the right to rely upon it and enforce its performance or recover damages for its breach. A vendor is under no compulsion to make a covenant when he sells land, but having done so he must keep it, or respond in damages for injuries sustained by its breach.

5. SAME—*What Is Not a Release of.*—It is not a release or discharge of a covenant to say that both parties knew that it would not be performed when it was made. A person may warrant an article to be sound when both buyer and seller know it to be unsound.

6. SAME—*Right to Recover for a Breach Not Affected by Knowledge of Covenantee.*—The fact that a grantee knew at the time a covenant was made that the grantor did not have a clear title to the land conveyed does not affect his right to recover damages for its breach.

**Assumpsit,** on a promissory note. Trial in the Circuit Court of Tazewell County; the Hon. THOMAS M. SHAW, Judge, presiding. Judgment for defendant on demurrer to replication. Appeal by plaintiff. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

BEN. HOFF, JR., and W.R. CURRAN, attorneys for appellant.

ARTHUR KEITHLEY, attorney for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an action of assumpsit, brought by appellant against appellee, upon the following instrument:

"$5,000.                    PEORIA, ILLS., Jan'y 16, 1893.

On or before July 10th, 1896, after date, I promise to pay to the order of William Weiss, five thousand dollars, at the First National Bank, Peoria, Ills., value received, with interest at the rate of six per cent per annum from July 10th, 1893.

WILLIAM H. BINNIAN.
WILLIAM E. STONE."

To the declaration appellee pleaded the general issue and a number of special pleas, some of which the court on demurrer held good and some bad. As we view the record we deem it unnecessary to consider in this opinion other of the pleadings than appellee's amended fourth, fifth and sixth pleas, and appellant's replications to those pleas. The court

held those pleas good and the replications interposed to them bad. Appellant stood by his replications and the court rendered judgment against him for costs of suit because the pleas were in bar and unanswered. If the pleas mentioned constitute a complete defense to each cause of action set up in the various counts of the declaration, and appellant declined to meet them by proper replications, then the court rightfully entered judgment in bar upon them, notwithstanding there were issues standing undetermined upon other pleas. When the defendant's plea goes to bar the action, and a demurrer is sustained to a defective replication, and the plaintiff elects to stand by his replication, the effect is the same as though the issue tendered by the plea had been decided for the defendant. Ward v. Stout, 32 Ill. 399.

Those pleas aver that the promissory note above described is the sole cause of action and that it is the last to mature of a series of notes, aggregating $18,200, made by Stone as principal, and the defendant as surety, for the purchase price of certain real estate bought of the plaintiff by Stone, and which the plaintiff agreed to convey to Stone upon the performance of certain conditions expressed in a written contract entered into contemporaneously with the execution of the notes, a material part of which is as follows :

" Upon the payment of said sums being made at the time and in manner aforesaid, the said William and Eva Weiss covenant and agree, to and with the said William E. Stone, his heirs, executors, administrators and assigns, to execute a good and sufficient deed of conveyance, in fee simple, free from incumbrance, with full covenants of warranty for the above described premises."

The written contract is set up in one of the pleas *verbatim* and is referred to in the other pleas. The pleas further aver that neither the plaintiff nor Eva Weiss ever had a good title to certain of the premises described in the contract, free from incumbrances, and that neither of them, prior to the commencement of the suit, offered to convey the same by such title to Stone. In addition to such aver-

ment the appellee, by an amendment to the fourth plea, avers that Stone, after the maturity of the note sued on, made a demand upon appellant for a deed in conformity with the terms and provisions of the written contract, at the same time offering to pay him the amount of said note, but that appellant refused to make such deed, whereupon Stone rescinded the contract of purchase. Each of the three pleas sets up a complete defense in bar to the declaration. The plaintiff demurred to the fifth and sixth pleas. The court overruled the demurrer, and the plaintiff, instead of standing by his demurrer, filed special replications to them. He is not, therefore, in a very good position to urge, as he does in a very lengthy argument before us, that the court erred in overruling his demurrer to the pleas. While we regard the payment of the note sued on, and the conveyance of all the land mentioned in the contract free from incumbrance, as dependent, concurrent conditions, and the plaintiff should be in a situation to fully perform his part of the contract before he can enforce collection of the note, we do not feel called upon to discuss at length the sufficiency of the pleas, but shall turn our attention to the replications to them.

The portions of the real estate included in the written contract which the pleas aver Weiss could not convey free from incumbrance are lots three, four, five, a part of lot six and fractional northwest quarter of section twenty-seven, in township twenty-five, range five, Tazewell county, Illinois. By his replications he avers that the only incumbrance is an ice-cutting privilege, which was granted before the execution of the contract of sale to Stone, and of which Stone had knowledge. He thereby confesses the incumbrance but seeks to obviate its effect by showing that the vendee entered into the contract with notice of its existence. The proposition is advanced that as Stone accepted the contract and went into possession of the land with knowledge of the ice-cutting privilege, which amounted to nothing more than a mere easement, he must be regarded as having contracted for the property subject to the ease-

ment. In support of that proposition quite a number of authorities are cited, which hold in effect that where parties have contracted for land over which an easement, open, visible and continuous, exists, in the absence of anything to the contrary, the purchaser is presumed to have contracted for the property in its existing condition and subject to the easement burthen. They are from courts of last resort in other States, however, and where the rule prevails that a grantor's covenants in a warranty deed do not cover an easement which was open and visible to the grantee. The law is different in Illinois. The question was thoroughly considered in Beach v. Miller, 51 Ill. 206. That was a suit in covenant for breach of a warranty in a deed conveying a strip of land over which the Peoria & Oquawka Railroad Company had a right of way. It appears that the railroad company was in the use and occupancy of the right of way at the time the grantee purchased and that the grantee knew it. Under those circumstances it was contended that the grantor must have intended to sell and the grantee to buy subject to the railroad's right of easement. In delivering the opinion of the court, Mr. Justice Walker used the following language: "Was this right of way, then, an incumbrance upon the land? We think it was. It is true the authorities on this question are not harmonious, but we think the current holds such an easement to be an incumbrance and that they are supported by the latter reason." After a review of authorities on the question he said: "Where a person insists upon and obtains covenants for title he has the right, when obtained, to rely upon them and enforce their performance or recover damages for their breach. The vendor is under no compulsion to make covenants when he sells land, but having done so he must keep them or respond in damages for injuries sustained by their breach. Nor is it a release or discharge of the covenant to say that both parties knew it was not true or that it would not be performed when it was made. A person may warrant an article to be sound when both buyer and seller know it is unsound." The holding in this case has

been approved in Wadhams v. Swan, 109 Ill. 46, and has never been departed from by our Supreme Court.

The law being settled in this State that the fact that the grantee knew at the time the covenant was made that the grantor had not a clear title to part of the land conveyed does not affect the right to recover damages for its breach; to our minds it is in perfect harmony to hold that where the vendor has covenanted in a bond for a deed "to execute a good and sufficient deed of conveyance in fee simple, free from incumbrance, with full covenants of warranty," he can not enforce collection of the last of a series of notes executed to secure the purchase money if he can not and will not convey such title, even though the purchaser knew at the time of the purchase that there was an incumbrance upon the land.

The Circuit Court properly sustained the demurrer to the replications.   Judgment affirmed.