## ST. LOUIS BANK EQUIPMENT & FIXTURE CO. v. BANK OF ROLLING FORK.

(Circuit Court of Appeals, Fifth Circuit. January 25, 1922.)

No. 3792.

1. **Sales ⚌388—Charge as to effect of concealment of existing strike at time of execution of contract held within pleadings.**

   Where the declaration was founded on a contract for the manufacture and installation of bank fixtures within a stated period, which contained a provision extending the period if the work was delayed by strikes, the plea alleged that more than the allotted period had elapsed after the taking of the measurements for the fixtures and before the plaintiff offered to make delivery, and evidence was admitted without objection that there was a strike at plaintiff's factory when the contract was made, of which fact defendant was not informed, a charge that, if plaintiff was guilty of fraud in concealing the existence of the strike, it could not rely on that provision of the contract, was not objectionable, as outside the issues made by the pleadings.

⚌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Trial ⇐105(1)—Court can comment on evidence admitted without objection.**

Where evidence as to an issue was admitted on both sides without objection, it was proper for the court to comment on the evidence in its charge, since, even if the pleadings were not sufficient to raise the issue, they could have been made so by amendment and Code Miss. 1906, § 808, prohibits reversal of a judgment after verdict for insufficient pleading.

**3. Sales ⇐388—Charge that concealment at time of execution of existing strike prevented reliance thereon as excuse held correct.**

In an action for defendant's refusal to accept bank fixtures contracted for. because not completed within the time required, where plaintiff relied on a cause extending the time in event of strike, and defendant testified the strike was in existence when the contract was made, and was fraudulently concealed by plaintiff's agent from defendant, a charge that, if plaintiff had reason to believe that the strike then in existence would prevent performance of the contract within the time specified, it was its duty to communicate that fact to defendant, and if it failed to do so it was guilty of fraud, and could not rely on the strike clause, was correct.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action by the St. Louis Bank Equipment & Fixture Company against the Bank of Rolling Fork. Judgment for defendant, and plaintiff brings error. Affirmed.

R. B. Campbell of Greenville, Miss., for plaintiff in error.

T. C. Catchings, of Vicksburg, Miss. (W. H. Clements, of Rolling Fork, Miss., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Plaintiff (plaintiff in error here) brought suit to recover for losses incurred by reason of defendant's alleged breach of contract. July 28, 1920, plaintiff agreed to manufacture and install certain bank fixtures and equipment in defendant's bank building at a specified price, which defendant agreed to pay. The contract was in writing, and attached to it were plans and specifications of the materials to be furnished and the work to be done. It was, among other things, provided that, unless otherwise agreed, plaintiff should prepare and furnish any necessary measurements, and that the work under the contract should be completed by the plaintiff within four months from the delivery to and approval by defendant of such measurements, but that if the plaintiff should be delayed by reason of strikes, or other causes not necessary to recite, the time fixed for the completion of the contract should be extended for a period equal to the time so lost.

Plaintiff alleged the existence of a strike by its workmen at the time the contract was made, and that it was thereby delayed in taking measurements, and preparing and forwarding plans to defendant, until October 25, 1920, but that it could and would have fully performed the contract within less than four months thereafter, and was prevented from doing so by the refusal of defendant to accept performance. The action was defended upon the plea that plaintiff failed to manufacture

and install the fixtures and equipment within the time limited by the contract.

The evidence on behalf of the plaintiff was to the effect that its agent took measurements of the bank building, and that they were approved by the defendant at or before the execution of the contract; that, almost immediately thereafter, the plaintiff made contracts with others for the manufacture of portions of the fixtures and equipment according to these measurements; that it furnished to the defendant blueprints of the measurements on the date alleged in the declaration, but that the defendant failed to return the same and refused to accept the fixtures and equipment, or to allow them to be installed, or to pay for the same. It was shown on cross-examination of plaintiff's witness that the measurements in question could have been prepared by a draughtsman within a day or two.

The president of the defendant bank testified that the contract would never have been entered into unless there had included in it a provision requiring the work to be completed within four months from its date; that he was assured by the company's agent, who signed the contract, that the fixtures and equipment would be furnished within less time; that the agent of the company then and there drew the plans and specifications, and he indorsed his approval thereon; that, in reliance upon the assurances of plaintiff's agent, alterations were made in the bank building, the old fixtures taken out, but reinstalled because of the delay in furnishing the new equipment; and that the bank was not informed of the existence of the strike in plaintiff's factory until the receipt of a letter from it, dated December 6, 1920.

The case was submitted to the jury, and resulted in a verdict for the defendant, and judgment was entered accordingly. The only error assigned is upon the following instruction:

"Now, with regard to the strike, if you believe from the evidence that, at the time this contract was entered into, the plaintiff was suffering or undergoing in its shop or place of business in St. Louis a strike, which it then knew or had reason to believe would prevent it from complying with this contract within the time provided, it was the duty of the plaintiff to communicate that fact to the defendant; and, if it failed to do it, then you may find that the plaintiff was guilty of fraud in concealing that fact, and disregard that provision of the contract entirely."

[1, 2] It is contended that the charge of the court complained of is not within the issues raised by the pleadings. We think the contention is untenable. The declaration alleges that the plaintiff could have completed the contract within four months after taking measurements; but was delayed in that work by the strike; and the plea alleges that more than four months elapsed after the taking of the measurements before the plaintiff offered to make delivery. It became a question of when the measurements were actually taken under the contract, and the submission of that question to the jury is not assigned as error. The plaintiff offered evidence to justify the extension of the date of completion for three months on account of the strike, while the defendant's evidence tended to show that measurements were made at the time the contract was executed. The evidence upon each side was admitted without objection, and it was therefore proper for the court

to comment upon it in its charge to the jury. If the pleadings were not sufficient they could doubtless have been made so by amendment. Section 808, Mississippi Code of 1906, provides that a judgment shall not be stayed or reversed, after verdict, for any insufficient pleading, or for omitting the averment of any matter without proving which the jury ought not to have given such verdict.

[3] We are of opinion that the charge was not erroneous under the facts of this case. According to the defendant's evidence, it was induced to sign the contract upon the belief that the material would be furnished and installed within four months, and that there was not then existing any cause which would prevent that from being done. Under these circumstances, it became the duty of plaintiff's agent to disclose the fact that a strike was then in existence. Moreover, it is not made to appear that any time, much less any particular length of time, was lost on account of the strike. It is not contended that plaintiff's draftsman was prevented from preparing blueprints because of the strike. Under the evidence, the jury could well have reached the conclusion that blueprints, showing measurements differing in no way from those already in plaintiff's possession, were sent, not because of any necessity, but merely to serve as a means of securing additional time within which to complete the contract.

The judgment is affirmed.