VIVA BAXTER, Defendant in Error, *vs.* THE METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff in Error.

*Opinion filed October 28, 1925.*

1. INSURANCE—*waiver is a question of law and fact—review.* The question as to what facts are necessary to constitute a waiver by an insurer is a question of law but the existence of such facts in a given case is a question of fact, and in an action on a life insurance policy the question as to what was the conduct of the insurer which the plaintiff claims amounted to a waiver is a question of fact which is conclusively settled by the decision of the Appellate Court and is not open to review in the Supreme Court.

2. SAME—*what constitutes a waiver by an insurer—estoppel.* Waiver by an insurer results when, by an act, statement or course of conduct toward the assured, it recognizes the policy as existing though the time for payment of the premium has expired; and if the conduct of the insurer is such as to induce the assured to believe that a forfeiture will not be insisted upon, the insurer will be held to be estopped from taking advantage of such forfeiture.

3. SAME—*forfeiture of policies is not favored.* Forfeiture of life insurance policies is not favored, and unless the circumstances show a clear intention to claim a forfeiture for non-payment of the premium, forfeiture will not be enforced.

4. SAME—*statutory provision for giving an official receipt for premium does not preclude waiver.* The provision of the statute requiring a life insurance policy to contain a provision for the giving of an official receipt for the payment of each premium in advance does not, merely because the agent fails to give such receipt, preclude a waiver where the insurer accepts payment of a premium after it is due and after the period of grace has passed.

5. SAME—*when books of insurer are not admissible in evidence.* While books of account of a plaintiff are competent evidence, yet in an action against an insurance company on a life policy the books of the company showing whether its agent had paid over premiums and how the company considered the insurance contract, are necessarily self-serving in their nature and are not admissible.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Fulton county; the Hon. GEORGE C. HILLYER, Judge, presiding.

318—24

TAFF & PUTMAN, (WILLIAMS, LAWRENCE, GREEN & GALE, of counsel,) for plaintiff in error.

HARVEY H. ATHERTON, and GLENN RATCLIFF, for defendant in error.

Per CURIAM: The defendant in error brought action against the plaintiff in error in the circuit court of Fulton county to recover on a policy of life insurance issued by the plaintiff in error on the life of the husband of the defendant in error in the sum of $2500. It appears from the undisputed averments of the declaration that the defendant in error's husband, Malcolm Baxter, died on the 23d day of February, 1922; that the premium of the policy theretofore issued on his life was to be paid quarterly, and that the dates of payment of this premium were the 10th day of February, May, August and November. The policy contained a provision for thirty-one days of grace. On June 1, 1921, the insured secured a loan against the policy from the plaintiff in error in the sum of $155. The policy also provided that in case of failure of payment of the premium the loan value should be applied to that purpose. It is undisputed that the loan value on the policy at the time the August payment became due was $165, of which the insured had borrowed $155, leaving a cash surrender value of $10, and that this amount was not sufficient to pay the interest on the loan and the premium on the policy due on August 10. The defense to the policy was that the payment on August 10 was not made either on that date or within the thirty-one days of grace, and that therefore the policy lapsed and was not re-instated in accordance with its terms. It is conceded that if the policy lapsed there was no re-instatement, and the question is whether or not the policy lapsed. The Appellate Court found that it did not. The evidence of the defendant in error was, that she, in the presence of a witness, paid the

August 10 premium on September 12 and the November payment was made on December 12; that this was done because the thirty-one days of grace expired on Sunday, the 11th of each month. The Appellate Court held that such finding was sustained by the record, and the defendant in error urges that there is therefore no question for review in this court. The defendant in error's testimony also showed that she had at previous times made payment after the thirty-one days of grace had expired and that the payments had been accepted by the plaintiff in error, and that when she made the two payments in question she did not get an official receipt but received from the agent his receipt. The plaintiff in error's agent testified that the quarterly premium due in August was not paid and that he did not receive any money from the defendant in error at the time testified to by her and had received no payments whatever until December 19, and that on the receipt he issued he indicated that the policy was in the process of re-instatement.

Plaintiff in error contends that the policy had lapsed because the premium was not paid within the days of grace; that under the statute it was incumbent on the insured to secure an official receipt; that the plaintiff in error could not waive the requirements of the statute, and that there is no evidence of waiver. The Appellate Court held that the plaintiff in error by its conduct had waived its right to insist on payment in accordance with the terms.

Questions of fact in this character of case are conclusively settled by the Appellate Court and cannot be reviewed here, and conceding that, as contended by the plaintiff in error, days of grace in an insurance policy are not extended by reason of the last day falling on Sunday, that does not establish that the insurer may not waive the breach of the contract by accepting payment of premiums after the expiration of the days of grace. The question as to what facts are necessary to constitute a waiver is a question of law. The existence of such facts in a given case is a question of

fact. The Appellate Court found that the right of the insurer to insist on the lapse of the policy for failure to pay the premium within the time required had been waived by its conduct. What that conduct was is a question of fact and is not open to review here, but it must be taken as established that the plaintiff in error had at previous times accepted payments on this policy after the thirty-one days of grace had expired. Waiver by an insurer results when it by an act, statement or course of conduct toward the assured recognizes the policy as existing though the time for payment of the premium has expired. Forfeiture of life insurance policies is not favored, and unless the circumstances show a clear intention to claim a forfeiture for non-payment of the premium such forfeiture will not be enforced. If the conduct of the insurer is such as to induce the assured to believe that a forfeiture will not be insisted upon, the insurer will be held to be estopped from taking advantage of such forfeiture. *Bennett* v. *Union Central Life Ins. Co.* 203 Ill. 439; *Ætna Life Ins. Co.* v. *Sanford,* 200 id. 126; *Illinois Life Ass'n* v. *Wells,* 200 id. 445; *Manufacturers and Merchants Ins. Co.* v. *Armstrong,* 145 id. 469; *Chicago Life Ins. Co.* v. *Warner,* 80 id. 410.

The plaintiff in error contends that the statute (Cahill's Stat. chap. 73, p. 372,) which requires that the insurer insert in its policy a clause providing for the issuance of a receipt for each premium, signed by an officer of the company, takes from the insurer the power to waive such provision, and since the defendant in error did not secure such a receipt from the agent, the receipt of the premium by the agent after the expiration of the time provided in the policy did not constitute a waiver, and the argument is that if the company had no power to issue a policy without such provision it cannot waive such provision, for to do so would render the statute a nullity. We cannot adopt this view. The provision of the statute, while requiring the payment

of premiums in advance upon delivery of a receipt signed by one or more of the officers of the insurer, who shall be designated in the policy, gives to the insurer a right which it, however, may waive, and while it is the duty of the policyholder to insist upon such a receipt, it would be a harsh and unequal rule to hold that the act or omission of the agent of the insurer in accepting payment of premiums without issuing such official receipt, where such payment is accepted by the insurer, is not evidence of a waiver, and that, notwithstanding such acceptance by the insurer, such act or omission of the agent constitutes a defense to an action on the policy. Under such a holding there could be no such thing as a waiver. On the record in this case we would not be justified in disturbing the holding of the circuit and Appellate Courts that there was a waiver of the right of forfeiture of the policy.

It it also urged that it was error on the part of the trial court to refuse to admit in evidence books and records of the plaintiff in error which, it contends, show that the premium was not paid to the company. There was no error in this. While books of account of a plaintiff are competent evidence, the books of the insurer showing whether the agent had paid over the premiums to the company and how the company considered the insurance contract are necessarily self-serving in their nature.

Certain instructions are also objected to, but we have examined the instructions as a series and are of the view that they fairly present the law.

There being no error in the record the judgment of the Appellate Court is affirmed.                    *Judgment affirmed.*