**James C. Shaw, Appellee, v. Firemen's Insurance Company of Newark, New Jersey, Appellant.**

Opinion filed January 23, 1933.

D. L. DUTY, for appellant.

L. A. CRANSTON, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

This is an action on a fire insurance policy for loss occasioned by fire to a dwelling house, household goods and grain, all located on a farm near Sparta, Illinois. The declaration consisted of one count which set forth the insurance policy *in haec verba* and alleged a waiver of all the conditions precedent to a right of recovery. Appellant filed a general issue and later a stipulation was entered into providing that any defense that might be made under special pleas might be present under the general issue.  Appellant seeks to reverse a judgment of the circuit court of Perry county, entered upon the verdict of the jury for $1,673 and costs.  The execution and delivery of the policy, its provisions and a loss by fire are not in question.

It appears from the evidence that on November 22, 1931, during the term of the policy, the fire occurred, destroying the dwelling house and its contents.  The policy was written and delivered by Homer Beever of the Beever-Moffat Insurance Agency at Sparta. The appellee because of some illness removed from the

property on May 28, 1931, and was living with a brother in premises 60 rods away. The brother testifies that about a week later he went to see Beever in behalf of his brother and asked for a vacancy permit. Beever replied that one would not be necessary for six months; also that later Beever was again asked about a permit for vacancy and that.he made the same reply. The policy provided that the entire policy should become void if the risk was increased or if any of the buildings should become vacant, unoccupied or uninhabited for more than 10 consecutive days without the consent of the vice president of the company at its western department office. The appellant contends that this provision of the policy was not complied with and that appellee cannot therefore recover. It argues that the testimony of appellee's brother is not worthy of belief, but with this we do not agree. There were sufficient facts in the proof, if true, to constitute a waiver on the part of the company of the above provision and the existence of such facts was a question for the jury. *Baxter v. Metropolitan Life Ins. Co.*, 318 Ill. 369.

The policy further provided that in case of loss by fire the company should be notified by mail in writing to appellant at its Chicago office within 15 days, and appellant further urges that appellee cannot recover because he made no proofs of loss as required by the policy. The testimony again discloses sufficient facts to warrant the jury in finding that the proofs of loss were waived. A nephew of the appellee on the morning of the fire told Homer Beever about the loss and the latter said he would notify the company and they would send a man out to settle the loss. About three days after the fire an adjuster for the appellant, Dewitt Jones, went to the home of A. H. Shaw, brother of appellee, and requested that a nonwaiver be signed by appellee. On December 21, 1931, appellee mailed a

letter to appellant's western department office in Chicago, containing proofs of loss and referring to the notification to Homer Beever on the day of the fire. If an agent induces the assured to believe that a strict compliance with the conditions of the policy would not be demanded, the furnishing of the proof of loss is waived. *Fray v. National Fire Ins. Co.,* 341 Ill. 431.

The record contains other corroborative evidence in support of the waivers. At the time of the trial and on a motion for continuance on the part of appellant it developed that Homer Beever was absent from the State and in the affidavit filed in support of the motion it was stated that if Beever were present he would testify that no waiver or attempted waiver was ever made by him in any manner or form whatsoever, and that in discussing the matter of a vacancy permit with the brother of appellee the said Beever explained to A. H. Shaw that permission for a vacancy on farm property would have to be indorsed on the policy or it would become null and void. It was stipulated that if Beever were present he would testify to the facts set up in the affidavit. We do not feel that the finding of the jury on this question of waiver should be disturbed.

We have examined the instructions given in behalf of appellee but do not find any substantial error in the ones complained of and do not believe there is sufficient error anywhere in the record that would justify the returning of this case for a new trial. The judgment of the lower court is therefore affirmed.

*Affirmed.*