Richard L. CLAY, Appellant,

v.

SOUTHERN RAILWAY COMPANY, Appellee.

No. 18163.

United States Court of Appeals Fifth Circuit.

Dec. 6, 1960.

Edward L. Savell, Atlanta, Ga., Woodruff, Latimer & Savell, Atlanta, Ga., of counsel, for appellant.

Edgar A. Neely, Jr., Greene, Neely, Buckley & DeRieux, Atlanta, Ga., for appellee.

Before JONES, Circuit Judge, and JOHNSON, District Judge.

JOHNSON, District Judge.

Richard L. Clay, the appellant here, brought this diversity suit against the Southern Railway Company in the United States District Court for the Northern District of Georgia, claiming damages as a proximate consequence of the negligence of the railroad for personal injuries received by him in a collision with one of the railroad's trains on May 16, 1957. Upon the trial, the case was submitted to a jury and a verdict was returned in favor of the railroad.

The appellant predicates his claim for reversal of the Court's judgment that was entered in favor of the railroad-defendant upon certain claimed procedural errors.[1] It is considered appropriate to summarize the evidence as it related to liability only to an extent that will enable the alleged procedural errors to be focused to the case.

Appellant sustained the injuries that constitute the basis for this suit when a truck-trailer unit driven by him was struck by the railroad's eastbound passenger train, on a public crossing that was protected on both sides by automatic signal warning devices, which were working at the time; the accident occurred about midday, and there were a considerable number of eyewitnesses. The testimony as to the speed of the train, the ringing of the bell, and the sounding of the whistle was contradictory, as is usual in such cases. The evidence was clear and uncontradicted that a large truck went across the tracks immediately in front of the truck-trailer Clay was driving, Clay turning from a course parallel to the tracks to enter the crossing. There were no obstructions to Clay's or the train crew's views.

Appellant's specifications for reversal are (1) that the Court erred in its order in striking the word "distracted" from the complaint;[2] (2) that the Court erred in failing to grant a new trial "on each and every ground stated therein (R. 102–117)"; and (3) the Court erred in failing to grant a new trial upon principles of justice when it became apparent that the defendant had failed to reveal the names of several witnesses and plaintiff had thereby been prevented from a fair use of the federal discovery procedures.

As to the first specification, little need be said. The record is clear that the trial court permitted proof of the "distractions" when the plaintiff-below tendered such evidence. There was no effect whatever on the case by the striking of the word "distracted" from the complaint.

The next specification seeks to place a duty on this Court to examine all

---

[1] The record was submitted in condensed form so as to eliminate the medical testimony and the testimony of witnesses relating to the damage question.

The sufficiency of the evidence to support the verdict of the jury is acknowledged by appellant.

[2] One of the plaintiff's theories was that the "distractions" at the crossing should have been considered by the jury.

the grounds for a new trial even though several of the individual grounds were not set out and were not argued in appellant's brief. Instead of assuming—as this Court is authorized to do—that appellant has abandoned those grounds not specified and treated in his brief each has been considered and found to be without merit. Only a few of these grounds warrant any discussion.

Appellant's ground IV in his motion for a new trial (which also involves the third specification of error) complains that "the Court erred in failing to strike the testimony of W. L. Moreland, witness for defendant, and in failing to instruct the jury to disregard the same, upon motion of the plaintiff's attorney, upon the grounds that the name or the existence of the witness had not been revealed to the plaintiff * * *."

■ As to this feature of the case, it appears that plaintiff Clay served upon the railroad certain interrogatories which asked for information concerning the names and addresses of "witnesses known to the defendant, who witnessed the accident * * *." Although the identity of Moreland was known to the railroad, his name was not listed. Upon the trial of the case, it appeared that the witness Moreland did not "actually see the accident itself" but did hear the blowing of the train whistle. Without going into the question of whether or not the interrogatory required the names and addresses of witnesses who were not "eyewitnesses", it appears that Clay was not prejudiced by the failure of the railroad to list Moreland,[3] and if there had been any prejudice by such failure, Clay's counsel waived the point by permitting Moreland's testimony without objection and by thoroughly cross-examining him and then making a belated objection to the testimony. As a matter of fact, Clay's counsel knew of Moreland's identity and his location at the time of the accident for at least twenty-four hours before he testified. Under these circumstances, there was no injustice to Clay by the trial court's refusal to strike Moreland's testimony. Head v. Texas Rawhide Paving Co., 5 Cir., 1927, 22 F.2d 554. See also St. Louis Bank Equipment & Fixture Co. v. Bank of Rolling Fork, 5 Cir., 1922, 277 F. 774.

■ Appellant's ground VI recites that "Movant contends that the court erred in quashing the subpoena duces tecum * * *." This subpoena duces tecum sought the "entire investigative file", (excluding legal opinions) including the "investigative files for any and all other accidents occurring between trains and vehicles at said crossing for a ten-year period immediately preceding May 16, 1957." The trial judge was eminently correct in quashing the entire subpoena duces tecum on motion of the railroad. The subpoena was oppressive, failed to properly designate, and failed to show good cause. See Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Alltmont v. United States, 3 Cir., 177 F.2d 971, and Carter v. Baltimore & Ohio R. Co., 80 U.S.App.D.C. 257, 152 F.2d 129.

Aside from this, after the trial court quashed the subpoena duces tecum (which order was several months before trial) the appellant failed to pursue the matter further by attempting to obtain the documents to which he may have been entitled.

The other several grounds in appellant's motion for a new trial concern the refusal of the trial court to give requested charges.[4] The charge to the jury by the trial court was fair and complete; nothing would have been added by the giving of appellant's requested charges that were correct propositions of law; it was certainly not error to refuse those

---

3. Several other witnesses placed the beginning of the train whistle at a point as far from the crossing as Moreland did.

4. Grounds VIII and IX relate to requested charges 10 and 11; grounds XII and XIII relate to requested charges 2 and 14; ground XIV relates to requested charge 4; ground XV complains as to requested charge 5; ground XVI concerns requested charge 7; ground XVII concerns requested charge 13; ground XVIII concerns requested charge 17.

that were incorrect. No useful purpose would be served by discussing them. Allen v. First National Bank of Atlanta, 5 Cir., 1948, 169 F.2d 221, and Southwestern Greyhound Lines v. Buchanan, 5 Cir., 1942, 126 F.2d 179, certiorari denied 317 U.S. 646, 63 S.Ct. 41, 87 L.Ed. 520.

■■ This case was fairly tried and the verdict of the jury under the evidence was just. Under such circumstances, it is incumbent upon an appellant to show some substantial error; this he has failed to do.

The judgment of the trial court is Affirmed.