**Walter Robert STEWART and Margaret Kester Stewart, Plaintiffs-Appellants,**

v.

**Joseph L. MEYERS and Helen Margaret Meyers, Defendants-Appellees.**

No. 15218.

United States Court of Appeals Seventh Circuit.

Dec. 8, 1965.

Philip C. Zimmerly, Champaign, Ill., John A. Lambright, Danville, Ill., for appellants.

Robert Z. Hickman, Danville, Ill., Gunn, Hickman & Kesler, Danville, Ill., of counsel, for appellees.

Before HASTINGS, Chief Judge, DUFFY, Circuit Judge, and MERCER, District Judge.

MERCER, District Judge.

Plaintiffs appeal from a judgment entered upon the verdict of a jury finding the issues for the defendants in this suit for damages for the alleged breach of a contract for the conveyance of real estate. Their motion for judgment notwithstanding the verdict or for a new trial was denied by the court below.

Under date of September 30, 1959, plaintiffs and defendants entered into an agreement for warranty deed whereby defendants covenanted to convey to plaintiff by a good and sufficient warranty deed certain residence property therein described for a stated purchase price payable in installments by plaintiffs. A common driveway, located in part on the subject premises and partly on an adjoining lot had been in existence for some years prior to the date of that contract. Under date of October 1, 1959, defendants executed a joint driveway agreement with the owner of that adjoining lot which had the effect of creat-

ing mutual easements over the north seven feet of the adjoining lot and over the south three feet of the subject premises. Plaintiffs entered into possession of the property immediately and moved into the residence house on October 30, 1959. They continued to reside in the house until the time of trial.

On May 30, 1961, plaintiff, Walter Stewart, sent a letter to the defendant, Joseph Meyers, stating that it was his understanding that the easement created by the joint driveway agreement over the south three feet of the land which he had contracted to purchase was an encumbrance on the land which rendered it impossible for defendants to convey the land free of all encumbrances in accordance with the covenants of their agreement. He therein contended that defendants had breached the agreement for warranty deed. Further correspondence ensued, after which on July 3, 1962, plaintiffs filed their complaint herein.

The amended complaint alleged that the contract was executed as above outlined, that the contract was then executory, that plaintiffs had complied with all covenants undertaken by them under the contract, and that notwithstanding the defendants' covenant to convey the premises by a good and sufficient warranty deed, the defendants had by executing the joint driveway agreement on October 1, 1959, encumbered the south three feet of the subject premises, thus placing themselves in a position which rendered them unable to convey the premises free of encumbrances as the agreement for warranty deed required the defendants to do. By their complaint, the plaintiffs tendered possession of the real estate to the defendants, demanded reimbursement for all money paid on the purchase price of the property, demanded reimbursement for the reasonable value of all improvements made on the premises by the plaintiffs and alleged certain special damages which plaintiffs allegedly had sustained. The complaint prayed damages of $50,-000.00.

By their answer, defendants admitted execution of the contract and the execution by defendants of the joint driveway agreement as alleged in the complaint. They generally denied the other allegations of the complaint. The answer further averred that the driveway agreement was executed by defendant at the request of the plaintiff, Walter Stewart, and as a condition precedent demanded by Stewart before he would agree to purchase the property in issue. Defendants contend that plaintiffs did by their conduct waive their right to assert the driveway agreement as a breach of the contract.

The principal issue on this appeal is the question whether plaintiffs may, as a matter of law, rely on the joint driveway agreement as a breach of defendants' agreement to warrant title to the real estate as a fact creative of a legal right in plaintiffs to rescind their contract to purchase the real estate affected thereby.

At the outset of discussion of this issue certain legal principles and conclusions applicable thereto are stated. An easement creates an interest in land and an encumbrance upon the title of the land affected. Boland v. Walters, 346 Ill. 184, 188, 178 N.E. 359. Under Illinois law, a warranty deed includes a covenant to convey land free from all encumbrances. Ill.Rev.Stat.1959, c. 30, § 8. The joint driveway agreement executed by the defendants clearly has the effect of creating an easement in favor of an adjoining property owner over the south three feet of the premises which defendants agreed to convey to the plaintiffs. Upon the face of their agreement, defendants undertook and covenanted to convey the subject premises free from all encumbrances. Eppstein v. Kuhn, 225 Ill. 115, 80 N.E. 80, 10 L.R.A.,N.S., 117.

Thus the contract on its face created a legal right in the plaintiffs to receive title to the premises free from encumbrances. Plaintiffs argue that that fact forecloses all other considerations and leads to judgment in their favor as a

694

matter of law. That argument is misconceived.

■■ We may assume, without so deciding, that the tender of possession of the property first made in the complaint itself was sufficient under Illinois law to constitute a rescission at law of the contract as the plaintiffs argue. See Farwell v. Hanchett, 120 Ill. 573, 578, 11 N.E. 875. Plaintiffs' argument on this point goes astray in their contention that the defense of waiver is not available to the defendants because this is an action at law rather than an action in equity.[1]

■■ A party to a contract may by express agreement or by his own course of conduct waive his legal right to insist on strict performance of the covenants of the contract. Chicago Sugar Co. v. American Sugar Refining Co., 7 Cir., 176 F.2d 1, 7; Baxter v. Metropolitan Life Ins. Co., 318 Ill. 369, 371–372, 149 N.E. 243; Aetna Life Ins. Co. v. Sanford, 200 Ill. 126, 130, 65 N.E. 661; 55 Am.Jur., Vendor & Purchaser, Sec. 287. Although the question as to what facts are sufficient to constitute a waiver is a question of law, the question whether such facts exist in any given case is a question of fact for the jury. Chicago Sugar Co. v. American Sugar Refining Co., supra; Baxter v. Metropolitan Life Ins. Co., supra.

■ Though there is some conflict in the evidence with relation to the acts and conduct of the parties at the time of the execution of this agreement and in their negotiations immediately prior thereto, one fact here stands out with stellar clarity: that is the fact that the joint driveway agreement was executed by defendants at the insistence of the plaintiff, Walter Stewart, that his right to use the driveway over the adjoining lot be made a matter of record before he would enter into the contract for the purchase of the real estate. Mr. Stewart testified that it was obvious to him on first seeing the property that the driveway used by the occupants of the property lay astride the boundary line between the lot involved and an adjoining lot, and that the major portion of the driveway was on the lot lying immediately south of the lot which was the subject to this contract. When plaintiffs were first shown the premises by a real estate broker, a Mr. Lambrakis appeared on the scene and stated to Mr. Stewart and the broker that his sister owned the adjoining lot and that she intended to erect a fence along her lot line which would run down through the existing common driveway. After Mr. Lambrakis left the premises Stewart told the broker that he was interested in the house but that he would have to have the right to use the existing common driveway made a matter of record.

Stewart testified that he did not see the joint driveway agreement prior to the time when plaintiffs executed the contract, but his testimony was disputed by the testimony of the attorney who prepared both the contract and the joint driveway agreement that when the contract was submitted to Stewart for his inspection Stewart asked if the joint driveway agreement had been prepared. The attorney further testified that Mr. Stewart inspected the driveway agreement at the time and said that it was all

[1]. Plaintiffs concede that they would have no standing to obtain an equitable rescission of this contract. They rely upon the theory of rescission at law to avoid the equitable principles of laches and estoppel.

Defendants, on the other hand, insist that the action is equitable, though the transcript indicates the cause was tried on a legal, not an equitable, theory.

We consider the distinction sought to be drawn by plaintiffs to be wholly immaterial to our disposition of this appeal.

Though principles of equity do not apply to an action at law, which we construe this cause of action to be, legal defenses including the defense of waiver do apply. Cf., Chicago Sugar Co. v. American Sugar Refining Co., 7 Cir., 176 F.2d 1, 7. If the evidence is such that the jury could have found that plaintiffs waived their legal right to strict enforcement of the contract, it makes no practical difference whether this was a suit at law or one in equity. The end result must be the same.

right. Certain changes were made in the contract at the instance of Mr. Stewart, after which the down payment on the purchase price was made and the contract for sale of the premises were executed by the plaintiffs and defendants. Though the September 30th date was perpetuated on the agreement for warranty deed, the attorney testified that it was, in fact, executed on October 1, 1959, after necessary changes in the agreement had been made. Thereafter plaintiffs entered into possession of the premises and raised no question about the driveway agreement until the above mentioned letter of May 30, 1961, which Mr. Stewart mailed to Mr. Meyers.

Upon all of the evidence the jury could have found that the plaintiff insisted upon obtaining the execution of the joint driveway agreement as a condition to his execution of the contract to purchase the real estate, that plaintiff had knowledge of all of the provisions of that agreement prior to the time when he entered into the contract for the purchase of the real estate and that he entered into possession of the premises under the contract with full knowledge of the existence and effect of the joint driveway agreement. Those facts which the evidence supports are sufficient, as a matter of law, to constitute a waiver by plaintiffs of their right to insist upon a conveyance of the property free of the encumbrance of the joint driveway agreement.[2]

The further ground of the complaint that defendants had misrepresent- ed to plaintiffs that the basement of the premises was dry, when in fact, the same was subject to flooding, was submitted to the jury upon conflicting evidence. We are without authority to review the jury's determination in that respect.

Plaintiffs next contend that the trial court erred in allowing Hugo Gamboa to testify as a witness for defendant at the time of trial.

On April 10, 1963, the court entered a pre-trial order requiring counsel for the respective parties to exchange the names and addresses of all persons having knowledge of the transaction or any part of the transaction within 20 days following the entry of that order. Pursuant to that order counsel for the defendants gave to plaintiffs' counsel a list of several names which did not contain the name of Hugo Gamboa. On the afternoon of October 30, 1964, preceding a November 2 trial setting of the cause, defendants' attorneys notified plaintiffs' attorneys that Hugo Gamboa was an additional person having knowledge of the transaction. When Gamboa was called as a witness by the defendants, plaintiffs objected on the ground that his use as a witness was precluded by the defendants' failure to supply Gamboa's name on the list of witnesses furnished to plaintiffs' counsel. When, on cross-examination, Gamboa stated that he had been contacted by the attorneys for the defendants in September of 1964, plaintiffs moved to strike his testimony. That motion was denied.

2. Only two observations need be made to dispose of Lavey v. Graessle, 245 Mich. 681, 224 N.W. 436, 64 A.L.R. 1477, upon which plaintiffs rely. First, that case is not a controlling authority. Secondly, and more important, the court there considered as controlling the principle that parol evidence would not be admitted to alter the covenants of warranty in a deed. The encumbrance there involved was not, as is the encumbrance of which complaint is here made, an encumbrance created at the instance of and, as the jury could here find, with the foreknowledge of the complaining party. Moreover, here, parol evidence is not employed to vary the contract provisions, but only to prove that plaintiffs have waived their legal right to insist upon strict enforcement of the contract provisions.

Weiss v. Binnian, 78 Ill.App. 292, aff'd 178 Ill. 241, 52 N.E. 969, Beach v. Miller, 51 Ill. 206, and Morgan v. Smith, 11 Ill. 194 hold merely that knowledge of the purchaser of the existence of an encumbrance does not derogate from the vendor's covenants of warranty contained in a deed of conveyance. Each of those cases dealt with an existing easement, not with an easement created by direction of the purchaser himself.

[redacted] The trial judge was clothed with a sound discretion to determine whether or not he would permit the witness to testify under the circumstances as here disclosed, Wray M. Scott Co. v. Daigle, 8 Cir., 309 F.2d 105, 110, Clay v. Southern Ry Co., 5 Cir., 284 F.2d 152, 154, Cf., Wroblewski v. Exchange Ins. Ass'n, 7 Cir., 273 F.2d 158, 162, the exercise of which will not be disturbed in the absence of proof that the exercise of that discretion worked a substantial injustice. Here it appears that Gamboa's name was furnished to the plaintiffs on the afternoon of the Friday preceding the commencement of the trial on Monday morning. It further appears that the identity of Gamboa as a former occupant of the real estate was known to plaintiffs when the deposition of Helen Meyers was taken long before the date of this trial. We will not disturb the trial court's ruling upon this procedural phase of the case.

We also reject the contention of the plaintiffs that the trial court erred in allowing the defendants to use the discovery deposition of the defendant, Helen Meyers, as an evidence deposition in the case. Defendants, Joseph Meyers, and Helen Meyers, are husband and wife. As a foundation for the use of the discovery deposition of Helen Meyers, Joseph Meyers testified that he and his wife had been separated for approximately one year, and that, though he did not know at that time where his wife was residing, her last known place of residence was in Lima, Ohio.

We need not belabor this point. Rule 26(d) (3) of the Federal Rules of Civil Procedure contemplates that a party may use his own deposition at a trial under certain circumstances. Richmond v. Brooks, 2 Cir., 227 F.2d 490. By necessary implication of his permitting the deposition to be used, the trial judge must have been convinced that Helen Meyers was at a greater distance than 100 miles from the place of trial and that her absence from the trial had not been procured by the defendants within the meaning of the limitation stated in the rule. There is nothing in this record to indicate that the trial court could not properly so find upon the showing made.

Defendants' motion for costs for printing their supplemental appendix is denied.

Judgment affirmed.