540

FRANK S. SINKWICH, INC., d/b/a
Southern Oil Co., Plaintiff,

v.

TEXACO REFINING & MARKETING,
INC., Defendant.

Civ. A. No. 86–59–ATH (WDO).

United States District Court,
M.D. Georgia,
Athens Division.

June 20, 1988.

Thomas B. Murphy, Bremen, Ga., Gregg
R. Potvin, Washington, D.C., for plaintiff.

Robert C. Norman, Jr., Macon, Ga., Mark
D. Litvack, White Plains, N.Y., for defendant.

ORDER

OWENS, Chief Judge.

Defendant Texaco Refining & Marketing, Inc. ("Texaco"), has noticed the taking of the deposition of James Nay, its employee who on behalf of Texaco made the management decision that resulted in this lawsuit and who at the time he made that decision was headquartered in Atlanta, Georgia. Subsequently Mr. Nay was transferred by Texaco to Houston, Texas, where he now works and resides. Texaco states that assuming the Federal Rules of Civil Procedure allow the use of Mr. Nay's deposition at trial, it intends to use his deposition in lieu of Mr. Nay being present at trial and in lieu of his either testifying or being available to be called by the plaintiff.

Plaintiff moves the court for a Rule 26(b)(1) limitation order and Rule 26(c) protective order preventing Texaco from deposing Mr. Nay for the purpose of using his testimony at trial in lieu of his personal appearance, a motion in effect requiring Texaco to have Mr. Nay present at trial. Rule 26 vests the court with wide discretion in resolving this dispute. *See Leist v. Union Oil Co. of California,* 82 F.R.D. 203 (E.D.Wis.1979). In exercising that discretion, several factors must be considered.

First, Mr. Nay is represented to the court as the management person who made the principal decision that resulted in this lawsuit, and since Mr. Nay was transferred by Texaco to Houston and is still a Texaco management person, Mr. Nay must be viewed as a "managing agent" under Rule 32 of the Federal Rules of Civil Procedure. *See Stell v. Savannah–Chatham County Board of Education,* 255 F.Supp. 88, 93 (S.D.Ga.1966); *Terry v. Modern Woodmen of America,* 57 F.R.D. 141 (W.D.Mo.1972). Mr. Nay is thus viewed as a party and could be deposed by the plaintiff by notice specifying the place of taking "subject [only] to the power of this court to grant a Rule 26(c)(2) protective order designating a

different place." Wright & Miller, Federal Practice and Procedure: Civil § 2112, p. 180 of pocket part. Since the Federal Rules of Civil Procedure do not specify the place for a corporate party to take the deposition of its managing agent, the general principle that the party deposing an opposite party may designate the place of taking subject only to a Rule 26(c)(2) protective order would seem to suggest that if Mr. Nay is to be deposed, the plaintiff in this instance should be permitted to designate the place subject only to Texaco's right to move for a Rule 26(c)(2) protective order.

Second, a corporate party may take the depositions of its employees and, assuming that the Federal Rules of Civil Procedure permit the deposition to be used at trial, can use the deposition at trial. *See Houser v. Snap–On Tools Corporation,* 202 F.Supp. 181, 189 (D.Md.1962). Wright & Miller § 2147, in discussing a party's use of his own deposition, states:

> Rule 32(a)(3) says quite clearly that if one of the conditions there set out are satisfied the deposition of a witness, "whether or not a party," may be admitted. There has been some controversy, however, about the use by a party of his own deposition.
>
> It is clear that the deposition of a party may be used under clause (A) of Rule 32(a)(3) if the party is dead. There is no alternative in that situation other than to use the deposition. This would seem equally true of clause (C), dealing with age, illness, infirmity, or imprisonment. There should be no reason to invoke clause (D), dealing with inability to subpoena the witness, since a party does not need to subpoena himself. Moreover, the exceptional circumstances provision of clause (E) has been used several times with regard to the deposition of a party.
>
> The controversy has been whether a party can introduce his own deposition because he is more than 100 miles from the place of trial at the time of the trial and invokes what was formerly Rule 26(d)(3)(2) and is now clause (B) of Rule 32(d)(3). In the well-known case of *Arnstein v. Porter* [154 F.2d 464 (2d Cir.

1946) ], the majority of the Second Circuit, speaking through Judge Jerome N. Frank, said, by way of dictum, that if the party lived within 100 miles from the place of trial mere business convenience prompting his absence would be insufficient to permit him to use the portion of the rule. The draftsman of the rules, Judge Charles E. Clark, in a dissent objected to what he called "a wholly strained and hampering construction: of the rule. The majority had seemed to concede that a party could use his deposition if he resided more than 100 miles from the place of trial. Judge Clark said:

> In view of the clear intent and purpose of the rule there would be no particular reason or sense in substituting a purely arbitrary restriction for the discretionary finding as to the purpose of the absence, required by the rule itself as a condition of exclusion. If a party is in the business of making motion pictures in California and is going about his normal business there when the trial occurs, it is quite clear that the exception limiting use of his deposition does not apply.

Some years later Judge Clark was able to announce this view authoritatively as spokesman for the Second Circuit. A plaintiff who lived and worked in California was allowed to introduce her deposition in an action in New York even though she had visited New York only two weeks before the trial began. Judge Clark said that the rule was "quite clear in its terms, which apply without exception equally to plaintiffs and defendants," and that:

> we can find no occasion to add something to the rule which is not there and which effectually distorts its purpose and utility. The tactical burden assumed by the plaintiff in proceeding to trial in her absence ... is likely to limit frequent resort to this course; but a suitor not able to afford a New York trip should not be denied all remedy here.

Other courts have agreed with Judge Clark. The fact that clause (B) applies "unless it appears that the absence of the witness was procured by the party offering the deposition" has not been considered an insuperable bar. The court may consider all the circumstances of why the party is away from the trial and determine in the light of these factors whether to allow use of the deposition.

This portion of the rule does not allow a party to cumulate evidence by both testifying at the trial and offering his deposition.

Wright & Miller, Federal Practice and Procedure: Civil § 2147 (footnotes omitted).

It thus seems that Texaco should be permitted to depose Mr. Nay at a place designated by the plaintiff subject to this court's authority to grant a Rule 26(c)(2) protective order changing that place, and it further seems that Texaco, if it wishes to take the chance of using only Mr. Nay's deposition at trial, may do so.