**GLAVERBEL SOCIETE ANONYME and Fosbel, Inc., Plaintiffs,**

v.

**NORTHLAKE MARKETING & SUPPLY, INC., Frank Zlamal, Samuel E. May, and Jim Hamilton, Defendants.**

**Civ. No. H 88–383.**

United States District Court, N.D. Indiana, Hammond Division.

Nov. 19, 1991.

Jerold I. Schneider, Washington, D.C., Ronald H. Isroff, Cleveland, Ohio, Charles Enslen, Hammond, Ind., for plaintiffs.

John C. Brezina, Oak Brook, Ill., for defendants.

---

## ORDER

ANDREW P. RODOVICH, United States Magistrate Judge.

This matter is before the court on the Amended Motion for Protective Order filed by the defendants on November 12, 1991. For the reasons set forth below, the motion is DENIED.

On July 29, 1988, the plaintiffs filed a complaint alleging that the defendants were infringing two of their patents, Patent No. 3,684,560 and Patent No. 4,489,022. These patents deal with the process of ceramic welding primarily used in repairing coke ovens in steel mills. The plaintiffs, two corporations, have scheduled depositions for five of their employees in London, England. The pending motion challenges those depositions.

The plaintiffs have indicated that they intend to use the depositions at trial. The use of a deposition at trial is governed by Federal Rule of Civil Procedure 32(a)(3) which provides in part:

The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: ... (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition

.    .    .    .    .

The defendants maintain that Rule 32(a)(3)(B) does not permit a corporate party to depose its employees in lieu of their appearance at trial. The defendants have requested a protective order prohibiting the depositions in London and requiring the designated employees to appear in the United States for their depositions. This position was rejected in *Stewart v. Meyers*, 353 F.2d 691 (7th Cir.1965). In that case, the defendant and his wife were separated at the time of trial, and the wife lived more than 100 miles from the courthouse. Even though the wife was a named defendant, the Court of Appeals held that the use of her deposition was not improper since

the Federal Rules of Civil Procedure contemplate[ ] that a party may use his own deposition at a trial under certain circumstances. By necessary implication of his permitting the deposition to be used, the trial judge must have been convinced that [the defendant's wife] was at a greater distance than 100 miles from the place of trial and that her absence from the trial had not been procured by the defendants within the meaning of the limitations stated in the rule. There is nothing in this record to indicate that the trial court could not properly so find upon the showing made. (citation omitted)

353 F.2d at 696

*See also Frank S. Sinkwich, Inc. v. Texaco Refining & Marketing, Inc.*, 120 F.R.D. 540, 542 (M.D.Ga.1988).

The practice of a party submitting its own deposition at trial also was approved by Wright & Miller, *Federal Practice and Procedure:*

The fact that clause (B) applies "unless it appears that the absence of the witness was procured by the party offering the deposition" has not been considered an insuperable bar. The court may consider all the circumstances of why the party is away from the trial and determine in light of these factors whether to allow use of the deposition. (footnotes omitted)

Section 2147 at p. 463

*See also GFI Computer Industries, Inc. v. Fry*, 476 F.2d 1, 5 (5th Cir.1973) (the district court did not have the authority to order a party who resided more than 100 miles from the courthouse to appear for trial).

This matter currently is scheduled for a three week bench trial beginning March 23, 1992. In *Shedd–Bartush Foods of Illinois, Inc. v. Commodity Credit Corporation*, 135 F.Supp. 78 (N.D.Ill.1975), the trial court admitted into evidence depositions which the plaintiff had taken of its employees. In commenting upon the admissibility of those depositions, the court stated:

While the depositions which the plaintiff took of its own officers are largely con-

clusionary, self-serving and hearsay, since the court is hearing the case without a jury their admission can do no harm. Accordingly, the depositions have been considered and given such weight as the nature of the testimony adduced warranted.

135 F.Supp. at 90.

In the instant case, the defendants have not disputed that the plaintiffs' employees reside and work in Belgium. To avoid any potential language problems, the plaintiffs have scheduled the depositions for London. Under all of the circumstances, the defendants have failed to demonstrate that the use of the depositions under Rule 32(a)(3)(B) is inappropriate. However, as in *Shedd–Bartush,* the failure of the plaintiffs' employees to testify in person will be considered in determining the appropriate weight of the deposition testimony.

---

For the foregoing reasons, the Amended Motion for Protective Order filed by the defendants on November 12, 1991 is DENIED.